# RECORD NO. 16-1266

In The
# United States Court Of Appeals
## For The Fourth Circuit

**In re: DAVID BENJAMIN MORRIS; CANDACE APRIL MORRIS,**
*Debtors.*

------------------------------

**DAVID BENJAMIN MORRIS; CANDACE APRIL MORRIS,**
*Debtors – Appellants,*

**v.**

**W. STEPHEN SCOTT,**
*Trustee – Appellee,*

**and**

**US TRUSTEE; MARGARET K. GARBER,**
*Trustees.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT CHARLOTTESVILLE**

————————

# JOINT APPENDIX

————————

Larry L. Miller
MILLER LAW GROUP, P.C.
1160 Pepsi Place
Suite 341
Charlottesville, VA 22901
(434) 974-9776

Neal L. Walters
SCOTT KRONER, PLC
418 East Water Street
P.O. Box 2737
Charlottesville, VA 22902
(434) 296-2161

*Counsel for Appellants*

*Counsel for Appellee*

# TABLE OF CONTENTS

**Page:**

**Docket Entries.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

**Bankruptcy Notice of Appeal**
**With Attachments,**
    **filed May 13, 2015.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

    <u>**Attachments:**</u>

    **Notice of Appeal and Statement of Election**
        **dated May 12, 2015.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**

    **Order**
    **Re: Entire Amount of Debtors' 2014 Federal and State**
    **Tax Refunds be Turned Over to Trustee**
        **dated April 28, 2015.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

    **U.S. Bankruptcy Court Docket Entries.** . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

**Excerpts of Bankruptcy Record on Appeal**
    **filed June 26, 2015 and July 23, 2015:**

    **Homestead Deed for Real and/or Personal Property,**
    **With Attached Photocopy of Check,**
        **dated February 4, 2015.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**

    **Amended Homestead Deed for Real and/or Personal Property,**
    **With Attached Photocopy of Check,**
        **dated March 2, 2015.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **22**

**-i-**

Excerpts of Bankruptcy Record on Appeal
filed June 26, 2015 and July 23, 2015, Continued:

Trustee's Objection to Exemptions and Motion for Turnover
dated March 17, 2015. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Trustee's Amended Objection to
Exemptions and Motion for Turnover,
With Exhibits,
dated April 8, 2015. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Exhibits:

A.     Homestead Deed for Real and/or Personal Property
dated February 4, 2015. . . . . . . . . . . . . . . . . . . . . . . . . 31

B.     Amended Homestead Deed for
Real and/or Personal Property
dated March 2, 2015. . . . . . . . . . . . . . . . . . . . . . . . . . 35

C.     Trustee's Memorandum
dated February 19, 2015. . . . . . . . . . . . . . . . . . . . . . . 39

Transcript of Proceedings Before
The Honorable Rebecca Connelly
on April 20, 2015. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Order
Re: Entire Amount of Debtors' 2014 Federal and State
Tax Refunds be Turned Over to Trustee,
With Attached Trustee's Objection to Exemptions,
dated April 28, 2015. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

**Memorandum Opinion**
    **filed February 8, 2016.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **62**

**Order**
**Affirming Decision of the Bankruptcy Court**
    **filed February 8, 2016.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **70**

**Plaintiffs' Notice of Appeal**
    **filed March 15, 2016.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **71**

APPEAL

# U.S. District Court
## Western District of Virginia (Charlottesville)
## CIVIL DOCKET FOR CASE #: 3:15-cv-00021-GEC

Morris et al v. Scott
Assigned to: District Judge Glen E. Conrad
Case in other court: US Bankruptcy Court, 15-60033
                     USCA - Fourth Circuit, 16-01266
Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA

Date Filed: 05/13/2015
Date Terminated: 02/08/2016
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal (801)
Jurisdiction: Federal Question

**Appellant**

**David Benjamin Morris**

represented by **Larry Lynn Miller**
Miller Law Group, PC
1160 Pepsi Place, Suite 341
Charlottesville, VA 22901
434-974-9776
Fax: 974-6773
Email: larry@millerlawgrouppc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Appellant**

**Candace April Morris**

represented by **Larry Lynn Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**W. Stephen Scott**

represented by **Clarence Lamar Garren**
SCOTT KRONER PLC
PO BOX 2737
CHARLOTTESVILLE, VA 22902-2737
434-296-2161
Fax: 293-2073
Email: clgarren@scottkroner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Stephen Scott**
Scott Kroner PLC
P.O. Box 2737
Charlottesville, VA 22902-2737
434-296-2161
Fax: 293-2073
Email: wsscott7trustee@earthlink.net
*LEAD ATTORNEY*

-1-

6/20/2016    CM/ECF - U.S. District Court:vawd

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 05/13/2015 | 1 | Bankruptcy Notice of Appeal from Bankruptcy Court filed 1/9/2015; Bankruptcy Court case number 15-60033 (Attachments: # 1 Notice of Appeal, # 2 Order being appealed, # 3 USBC Docket Sheet)(jcj) |
| 06/26/2015 | 2 | Designation of Record on Appeal; Bankruptcy Court case number 15-60033. (Adams, Marleca) |
| 06/26/2015 | 3 | Bankruptcy Briefing Notice: Appellant Brief due by 7/29/2015. Appellee Brief due by 8/31/2015. Appellant Reply Brief due by 9/17/2015. (jcj) |
| 07/23/2015 | 4 | Designation of Record on Appeal; Bankruptcy Court case number 15-60033. (Adams, Marleca) |
| 07/29/2015 | 5 | Appellant's BRIEF by Candace April Morris, David Benjamin Morris. (Miller, Larry) |
| 08/31/2015 | 6 | NOTICE of Appearance by Clarence Lamar Garren on behalf of W. Stephen Scott (Garren, Clarence) |
| 08/31/2015 | 7 | Appellee's BRIEF by W. Stephen Scott. (Garren, Clarence) |
| 02/08/2016 | 8 | MEMORANDUM OPINION. Signed by District Judge Glen E. Conrad on 2/8/2016. (mab) (Entered: 02/09/2016) |
| 02/08/2016 | 9 | ORDER affirming bankruptcy court's decision in its entirety and striking case from the active docket of the court. Signed by District Judge Glen E. Conrad on 2/8/2016. (mab) (Entered: 02/09/2016) |
| 03/10/2016 | 10 | MOTION for Extension of Time to File by Candace April Morris, David Benjamin Morris. (Miller, Larry). This docket entry was made incorrectly. The motion will be terminated. And the Notice of appeal will be docketed as of 3/10/16 when filing fee is paid today. Modified on 3/14/2016 (jcj). |
| 03/10/2016 | 11 | NOTICE OF APPEAL as to 9 Order Dismissing Case by Candace April Morris, David Benjamin Morris. Filing fee $ 0. (jcj) (Entered: 03/14/2016) |
| 03/14/2016 | 12 | Transmittal of Notice of Appeal to 4CCA re 11 Notice of Appeal NOTE: The Docketing Statement and Transcript Order Form are available on the 4th Circuit Court of Appeals website at www.ca4.uscourts.gov. If CJA24 form(s) are applicable, you must submit a separate Auth-24 for each court reporter from whom you wish to order a transcript through the District Court's eVoucher system. (jcj) |
| 03/14/2016 |   | Filing Fee Received: $ 505.00, receipt number 300002972 (jcj) |
| 03/15/2016 | 13 | NOTICE of Docketing Record on Appeal from USCA re 11 Notice of Appeal filed by Candace April Morris, David Benjamin Morris. USCA Case Number 16-1266; Case Manager: Cathy Poulsen (jcj) |

| PACER Service Center |
|:---:|
| **Transaction Receipt** |
| 06/20/2016 15:15:31 |

6/20/2016                              CM/ECF - U.S. District Court:vawd

| Login: | tmstuckey:2830027:0 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 3:15-cv-00021-GEC |
| Billable Pages: | 2 | Cost: | 0.20 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

TO:    Julia C. Dudley, Clerk          FROM:    John W. L. Craig II, Clerk
       United States District Court               United States Bankruptcy Court

Re:    David B. Morris/Candace A. Morris          15-60033
      Debtor(s)          Bankruptcy Case No.

      David B. Morris/Candace A. Morris
      Appellant          Adversary Case No.

      v.

      W. Stephen Scott, Trustee
      Appellee

<u>SUBMISSION SHEET</u>

☑ Notice of Appeal filed   05/12/2015          Doc. No.   28

☑ File date of Order being appealed   04/28/2015          Doc. No.   24

☐ Motion for Leave to Appeal filed          Doc. No.

☐ Motion to Withdraw Reference filed          Doc. No.

☐ Entire Record
        Designated items of   ☐ Appellant          ☐ Appellee
                         ☐ Cross Appellant          ☐ Cross Appellee

☐ Supplemental Record to USDC Case No.

Filing Fee Paid          ☐ Yes          ☐ No
In forma pauperis          ☐ Granted          ☐ Denied

If previous appeal filed list:          USDC Case Number:

If related to another appeal list:          USDC Case Number:

By: /s/ Marleca Adams  , Deputy Clerk          Date Submitted: 05/13/2015

APLSub_fillable

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville DIVISION

IN RE:
**DAVID BENJAMIN MORRIS**                            CHAPTER 7
**CANDACE APRIL MORRIS**
**Debtors**                                          CASE NO. **15-60033**

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): DAVID BENJAMIN MORRIS & CANDACE APRIL MORRIS

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☐ Defendant
☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

☒ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe) _____

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from:

Order for Debtors to Turn Over Property regarding Trustee's Amended Objection to Homestead Exemption

2. State the date on which the judgment, order, or decree was entered:

April 28, 2015

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Chapter 7 Trustee     Attorney: W. Stephen Scott, Esq.
W. Stephen Scott (VSB # 14301)
P.O. Box 1312
Charlottesville, VA 22902

2. Party: _____   Attorney: _____

_____

_____

_____

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

&#9746;   Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____/s/ Larry L. Miller_____
Of Counsel                                              Dated: 05/12/2015


Larry L. Miller, Esq.
MILLER LAW GROUP, P.C.
1160 Pepsi Place, Suite 341
Charlottesville, VA 22901
Phone (434) 974-9776
Fax    (434)974-6773

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
Charlottesville Division

---------------------------------------------
In re:

DAVID BENJAMIN MORRIS                    Case No. 15-60033
CANDACE APRIL MORRIS                     Chapter 7
                    Debtors
---------------------------------------------

**ORDER**

        Hearing was held on April 20, 2015 on the Trustee's Objection To Exemptions

and Motion for Turnover, and his Amended Objection to Exemptions and Motion for Turnover,

including the Exhibits A, B, and C attached thereto.   The Trustee and the Debtors were present

by their counsel.   The Court considered the Objection and Amended Objection filed by the

Trustee, the Exhibits, and argument of counsel, and finds that the Original Homestead Deed was

timely filed in the case and specifically and unequivocally claims an exemption in the Debtors'

2015 Federal and State Tax Refunds which are allowed by the Court.   The Court further finds

that the Amended Homestead Deed was not timely filed in order to be able to exempt assets not

scheduled on the Original Homestead Deed, and accordingly the exemptions specifically and

unequivocally claimed by the Debtors in their 2014 Federal and State Tax Refunds in the

Amended Homestead Deed are disallowed, and therefore constitute property of the estate and are

subject to administration by the Trustee.   The Court finds that the 2014 Federal and State tax

refunds in the amounts of $6,905.63 and $1,240.00, respectively, as shown on the Amended

Homestead Deed reflect only a portion of those tax refunds that the Debtors are entitled to

receive based upon the tax returns they filed. Accordingly, IT IS HEREBY ORDERED that the

entire amount of the Debtors' 2014 Federal and State tax refunds shall be turned over to the

Trustee within thirty (30) days from the date of the entry of this Order.


DATE: 4/28/2015


ENTER: _Rebecca B Connelly_
            Rebecca B. Connelly, Judge
            U. S. Bankruptcy Court


I ask for this:
/s/ W. Stephen Scott, Esq.
W. Stephen Scott (VSB# 14301)
P. O. Box 1312
Charlottesville, VA 22902
434-227-5520
wsscott7trustee@earthlink.net
Counsel for the Trustee

Seen and object to:
/s/ Larry L. Miller
Larry L. Miller, Esq. (VSB# 43345)
Miller Law Group, PC
1160 Pepsi Place, Suite 341
Charlottesville, VA 22901
434-974-9776
larry@millerlawgrouppc.com
Counsel for Debtors


2

6/20/2016            Western District of Virginia - LIVE

**APPEAL, DISCHARGED**

# U.S. Bankruptcy Court
## Western District of Virginia (Lynchburg)
## Bankruptcy Petition #: 15-60033

|  |  |
|---|---|
| *Date filed:* | 01/09/2015 |
| *Debtor discharged:* | 02/22/2016 |
| *Joint debtor discharged:* | 02/22/2016 |
| *341 meeting:* | 02/20/2015 |
| *Deadline for filing claims:* | 06/17/2015 |
| *Deadline for filing claims (govt.):* | 07/08/2015 |
| *Deadline for objecting to discharge:* | 06/22/2015 |

*Assigned to:* Judge Rebecca B. Connelly
Chapter 7
Voluntary
Asset

*Debtor disposition:* Standard Discharge
*Joint debtor disposition:* Standard Discharge

| | |
|---|---|
| **Debtor**<br>**David Benjamin Morris**<br>120 Narcissus Road<br>Ruckersville, VA 22968<br>GREENE-VA<br>SSN / ITIN: xxx-xx-2777 | represented by **Larry L. Miller**<br>Miller Law Group, P.C.<br>1160 Pepsi Place<br>Suite 341, Jordan Building<br>Charlottesville, VA 22901<br>(434) 974-9776<br>Email: millerlawgrouppc@millerlawgrouppc.com |
| **Joint Debtor**<br>**Candace April Morris**<br>120 Narcissus Road<br>Ruckersville, VA 22968<br>GREENE-VA<br>SSN / ITIN: xxx-xx-2699<br>*aka* **Candace April Sacre** | represented by **Larry L. Miller**<br>(See above for address) |
| **Trustee**<br>**W Stephen Scott(80)**<br>PO Box 1312<br>Charlottesville, VA 22902<br>(434) 227-5520 | represented by **C. Lamar Garren, Esq**<br>Scott & Kroner, PC<br>P.O. Box 2737<br>Charlottesville, VA 22902<br>(434) 296-2161<br>Email: clgarren@scottkroner.com<br><br>**W Stephen Scott(80)**<br>PO Box 1312<br>Charlottesville, VA 22902<br>434-296-2161<br>Email: wsscott7trustee@earthlink.net |
| **U.S. Trustee**<br>**USTrustee**<br>Office of the United States Trustee<br>210 First Street, Suite 505<br>Roanoke, VA 24011<br>(540) 857-2806 | |

6/20/2016                                      Western District of Virginia - LIVE

*U.S. Trustee*
**Margaret K Garber**
U S Trustee's Office
210 First Street, Suite 505
Roanoke, VA 24011
5408572829

| Filing Date | # | Docket Text |
|---|---|---|
| 01/09/2015 | <u>1</u> (48 pgs) | Chapter 7 Voluntary Petition . Fee Amount $335 Filed by Larry L. Miller on behalf of David Benjamin Morris, Candace April Morris (Miller, Larry) (Entered: 01/09/2015) |
| 01/09/2015 | <u>2</u> | Statement of Social Security Number. This document contains sensitive information and cannot be viewed by the public. Filed by Larry L. Miller on behalf of Candace April Morris, David Benjamin Morris. (Miller, Larry) (Entered: 01/09/2015) |
| 01/09/2015 | <u>3</u> (2 pgs) | Certificate of Credit Counseling Filed by Larry L. Miller on behalf of Candace April Morris, David Benjamin Morris. (Miller, Larry) (Entered: 01/09/2015) |
| 01/09/2015 | 4 | Receipt of Voluntary Petition (Chapter 7)(15-60033) [misc,volp7] ( 335.00) Filing Fee. Receipt number 5813092. Fee amount 335.00. (re: Doc# <u>1</u>) (U.S. Treasury) (Entered: 01/09/2015) |
| 01/09/2015 | 5 | Meeting of Creditors with 341(a) meeting to be held on 02/20/2015 at 09:30 AM at cr mtg, CVL, Courtroom 100, US Courthouse, 255 West Main St., Charlottesville, VA 22902. Objections for Discharge due by 04/21/2015. (admin, ) (Entered: 01/09/2015) |
| 01/11/2015 | <u>6</u> (3 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s) 5 Meeting (Chapter 7)) No. of Notices: 9. Notice Date 01/11/2015. (Admin.) (Entered: 01/12/2015) |
| 01/22/2015 | <u>7</u> (1 pg) | Creditor Request for Notices Filed by Toyota Motor Credit Corporation. (Weisman, Gilbert) (Entered: 01/22/2015) |
| 01/26/2015 | <u>8</u> (2 pgs) | Notice of Appearance and Request for Notice *(BWW#: 191211)* Filed by Andrew Todd Rich on behalf of Wells Fargo Bank, N.A.. (Rich, Andrew) (Entered: 01/26/2015) |
| 02/02/2015 | <u>9</u> (2 pgs) | Amended Schedule J Filed by Larry L. Miller on behalf of Candace April Morris, David Benjamin Morris. (Miller, Larry) (Entered: 02/02/2015) |
| | 10 | Chapter 7 Trustee's Report of No Distribution: I, W Stephen Scott(80), having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the |

**-10-**

| | | |
|---|---|---|
| 02/24/2015 | | property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Meeting of Creditors and Examination of Debtor(s) Conducted. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned without deducting any secured claims: $ 159902.00, Assets Exempt: $ 15596.14, Claims Scheduled: $ 187609.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment without deducting the value of collateral or debts excepted from discharge: $ 187609.00. (Scott(80), W) (Entered: 02/24/2015) |
| 02/27/2015 | 11 (4 pgs) | Amended Schedule B Filed by Larry L. Miller on behalf of Candace April Morris, David Benjamin Morris. (Miller, Larry) (Entered: 02/27/2015) |
| 02/27/2015 | 12 (2 pgs) | Amended Schedule C Filed by Larry L. Miller on behalf of Candace April Morris, David Benjamin Morris. (Miller, Larry) (Entered: 02/27/2015) |
| 03/17/2015 | 13 (2 pgs) | Objection to Homestead Exemption *and Motion for Turnover* Filed by W Stephen Scott(80) on behalf of W Stephen Scott(80). Hearing scheduled 4/20/2015 at 02:00 PM at Charlottesville, Room 200, US Courthouse, 255 W. Main St., Charlottesville, VA 22902. (Scott(80), W) (Entered: 03/17/2015) |
| 03/18/2015 | 14 (3 pgs) | Motion to Rescind *Report of No Distribution* Filed by Trustee W Stephen Scott(80) (Scott(80), W) (Entered: 03/18/2015) |
| 03/19/2015 | 15 (1 pg) | Order to Rescind Trustee's Report of No Distribution and Designating case as an asset case. Signed on 3/19/2015 (RE: related document(s) 10 Chapter 7 Trustee's Report of No Distribution). (Adams, Marleca) (Entered: 03/19/2015) |
| 03/19/2015 | 16 | Notice of Assets to Creditors Government Proof of Claim due by 7/8/2015. Proofs of Claims due by 6/17/2015. (Adams, Marleca) (Entered: 03/19/2015) |
| 03/19/2015 | 17 | Trustee Request for Asset Notice W Stephen Scott(80) on behalf of W Stephen Scott(80). (Scott(80), W) (Entered: 03/19/2015) |
| 03/21/2015 | 18 (3 pgs) | BNC Certificate of Mailing - Notice of Assets (RE: related document(s) 16 Notice of Assets to Creditors) No. of Notices: 10. Notice Date 03/21/2015. (Admin.) (Entered: 03/22/2015) |
| | 19 (11 pgs) | Amended Objection to Homestead Exemption Filed by W Stephen Scott(80) on behalf of W Stephen Scott(80). Hearing scheduled 4/20/2015 at 02:00 PM at Charlottesville, Room 200, US Courthouse, 255 W. Main St., Charlottesville, VA 22902. (Scott(80), W) **and Motion to Turnover Property.** Modified on 4/9/2015 (Adams, |

6/20/2016                  Western District of Virginia - LIVE

| Date | Doc # | Description |
|---|---|---|
| 04/08/2015 | | Marleca). (Entered: 04/08/2015) |
| 04/08/2015 | 20 (4 pgs) | Application to Employ W. STEPHEN SCOTT as ATTORNEY FOR TRUSTEE Filed by Trustee W Stephen Scott(80) (Scott(80), W) (Entered: 04/08/2015) |
| 04/20/2015 | 21 | Hearing Held - (RE: related document(s)19 Objection to Homestead Exemption filed by Trustee W Stephen Scott(80)) Objection sustained. Order to be Tendered by Scott Due by 4/30/2015. (Adams, Marleca) (Entered: 04/21/2015) |
| 04/21/2015 | 22 (2 pgs) | Motion to Extend Time to File a Complaint to Deny the Debtor a Discharge Filed by U.S. Trustees Margaret K Garber, USTrustee Hearing scheduled 5/11/2015 at 02:00 PM at Charlottesville, Room 200, US Courthouse, 255 W. Main St., Charlottesville, VA 22902. (Garber, Margaret) (Entered: 04/21/2015) |
| 04/23/2015 | 23 (4 pgs) | Order Granting Application to Employ W Stephen Scott Attorney for Trustee ,(Related Doc # 20) Signed on 4/23/2015. (Adams, Marleca) (Entered: 04/23/2015) |
| 04/28/2015 | 24 (2 pgs) | Order for Debtors to Turn Over Property Signed on 4/28/2015 (RE: related document(s)19 Objection to Homestead Exemption filed by Trustee W Stephen Scott(80)). (Adams, Marleca) (Entered: 04/28/2015) |
| 05/01/2015 | 25 (2 pgs) | Order Granting Motion to Extend Objection to Discharge. Deadline to Objection to Discharged is 6/22/2015. (Related Doc # 22) Signed on 5/1/2015. (Adams, Marleca) (Entered: 05/01/2015) |
| 05/01/2015 | 26 (1 pg) | Certificate of Mailing Filed by W Stephen Scott(80) on behalf of W Stephen Scott(80) (RE: related document(s)24 Order). (Scott(80), W) (Entered: 05/01/2015) |
| 05/12/2015 | 27 (1 pg) | Notice of Change of Address Filed by Larry L. Miller on behalf of Candace April Morris, David Benjamin Morris. (Miller, Larry) (Entered: 05/12/2015) |
| 05/12/2015 | 28 (2 pgs) | Notice of Appeal to District Court *and statement of election*. Fee Amount $298 Filed by Joint Debtor Candace April Morris, Debtor David Benjamin Morris (RE: related document(s)24 Order). Appellant Designation due by 05/26/2015. (Miller, Larry) (Entered: 05/12/2015) |
| 05/12/2015 | 29 | Receipt of Notice of Appeal(15-60033) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number 5950068. Fee amount 298.00. (re: Doc# 28) (U.S. Treasury) (Entered: 05/12/2015) |
| 05/13/2015 | | Appeal Transmitted (RE: related document(s)28 Notice of Appeal filed by Debtor David Benjamin Morris, Joint Debtor Candace April Morris) (Adams, Marleca) (Entered: 05/13/2015) |

-12-

6/20/2016                                   Western District of Virginia - LIVE

| | 30 | Civil Case Number and District Judge Assigned (RE: related document(s)28 Notice of Appeal filed by Debtor David Benjamin Morris, Joint Debtor Candace April Morris) Civil Case # 3:15-cv-00021-GEC. Case Assigned to Judge Glen E. Conrad. (Adams, Marleca) (Entered: 05/14/2015) |
|---|---|---|
| 05/14/2015 | | |
| 05/18/2015 | 31 (4 pgs) | Application to Employ Scott Kroner, PLC as Attorney *for Trustee* Filed by Trustee W Stephen Scott(80) (Scott(80), W) (Entered: 05/18/2015) |
| 05/26/2015 | 32 (2 pgs) | Statement of Issues on Appeal,*and Designation of Record* Filed by Joint Debtor Candace April Morris, Debtor David Benjamin Morris (RE: related document(s)28 Notice of Appeal). (Miller, Larry) (Entered: 05/26/2015) |
| 05/26/2015 | 33 | Document/Event Entered in Error *incorrect event* Filed by Larry L. Miller on behalf of Candace April Morris, David Benjamin Morris (RE: related document(s)32 Statement of Issues on Appeal). (Miller, Larry) (Entered: 05/26/2015) |
| 05/26/2015 | 34 (2 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal *and statement of issues* Filed by Joint Debtor Candace April Morris, Debtor David Benjamin Morris (RE: related document(s)28 Notice of Appeal). Appellee designation due by 06/9/2015. (Miller, Larry) (Entered: 05/26/2015) |
| 06/04/2015 | 35 (4 pgs) | Order Granting Application to Employ Scott Kroner PLC as Attorney for the Trustee ,(Related Doc # 31) Signed on 6/4/2015. (Adams, Marleca) (Entered: 06/04/2015) |
| 06/05/2015 | 36 (9 pgs) | Exhibit *for designation of items to be included* Filed by Larry L. Miller on behalf of Candace April Morris, David Benjamin Morris (RE: related document(s)28 Notice of Appeal, 34 Appellant Designation). (Miller, Larry) (Entered: 06/05/2015) |
| 06/09/2015 | 37 (2 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Trustee W Stephen Scott(80) (RE: related document(s)28 Notice of Appeal). (Garren, C.) (Entered: 06/09/2015) |
| 06/22/2015 | 38 (2 pgs) | Motion to Extend Time to File a Complaint to Deny the Debtor a Discharge Filed by U.S. Trustees Margaret K Garber, USTrustee Hearing scheduled 7/13/2015 at 02:00 PM at Charlottesville, Room 200, US Courthouse, 255 W. Main St., Charlottesville, VA 22902. (Garber, Margaret) (Entered: 06/22/2015) |
| 06/25/2015 | 39 (2 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal *and statement of issues AMENDED* Filed by Joint Debtor Candace April Morris, Debtor David Benjamin Morris (RE: related document(s)28 Notice of Appeal). Appellee designation due by 07/9/2015. (Miller, Larry) (Entered: 06/25/2015) |

**-13-**

6/20/2016                     Western District of Virginia - LIVE

| | | |
|---|---|---|
| 06/25/2015 | 40<br>(5 pgs) | Transcript Ordered Filed by Joint Debtor Candace April Morris, Debtor David Benjamin Morris (RE: related document(s)28 Notice of Appeal). (Miller, Larry) (Entered: 06/25/2015) |
| 06/26/2015 | 41<br>(30 pgs) | Notice of Docketing Record on Appeal to District Court. Case Number: 0423315000211 (RE: related document(s)28 Notice of Appeal filed by Debtor David Benjamin Morris, Joint Debtor Candace April Morris) (Adams, Marleca) (Entered: 06/26/2015) |
| 07/06/2015 | 42<br>(2 pgs) | Order that the time for filing objections to discharge by the United States Trustee pursuant to 11 U.S.C. § 727 is hereby extended to September 21, 2015 (Related Doc # 38) Signed on 7/6/2015. (Morris, Laurrie) (Entered: 07/06/2015) |
| 07/15/2015 | 43<br>(18 pgs) | Transcript regarding Hearing Held 04/20/15 RE: Amended Objection to Homestead Exemption filed by W Stephen Scott, Trustee. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING, TRANSCRIPT RELEASE DATE IS 10/13/2015. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Laura Ballengee, Telephone number 540-849-8325.. Notice of Intent to Request Redaction Deadline Due By 7/22/2015. Redaction Request Due By 08/5/2015. Redacted Transcript Submission Due By 08/17/2015. Transcript access will be restricted through 10/13/2015. (Obaugh, Valerie) (Entered: 07/15/2015) |
| 01/05/2016 | 44<br>(1 pg) | Motion to Incur Debt *on a Loan Modification* Filed by Joint Debtor Candace April Morris, Debtor David Benjamin Morris (Miller, Larry) (Entered: 01/05/2016) |
| 01/05/2016 | 45<br>(3 pgs) | Exhibit *on Motion to Incur Debt* Filed by Larry L. Miller on behalf of Candace April Morris, David Benjamin Morris (RE: related document(s)44 Motion to Incur Debt *on a Loan Modification*). (Miller, Larry) (Entered: 01/05/2016) |
| 01/05/2016 | 46<br>(1 pg) | Disclosure of Compensation of Attorney for Debtor *on Motion to Incur Debt* Filed by Larry L. Miller on behalf of Candace April Morris, David Benjamin Morris. (Miller, Larry) (Entered: 01/05/2016) |
| 01/05/2016 | 47<br>(1 pg) | Notice of Hearing *on Motion to Incur Debt* Filed by Larry L. Miller on behalf of Candace April Morris, David Benjamin Morris (RE: related document(s)44 Motion to Incur Debt, 45 Exhibit, 46 Disclosure of Compensation of Attorney for Debtor). Hearing scheduled 1/27/2016 at 10:00 AM at Charlottesville, Room 200, US Courthouse, 255 W. Main St., Charlottesville, VA 22902. (Miller, Larry). **Correction: This notice of hearing is no longer related to docket entry 46. Correct document is the following:** Related document(s) 49 Application for Compensation - Debtor's Counsel/Ch 11 Professional filed by Debtor David Benjamin Morris, Joint Debtor Candace April Morris. Modified on 1/6/2016 (Adams, Marleca). (Entered: 01/05/2016) |

**-14-**

6/20/2016                                    Western District of Virginia - LIVE

| | 48 | Document/Event Entered in Error *Incorrect Docket Event Used* Filed by Larry L. Miller on behalf of Candace April Morris, David Benjamin Morris (RE: related document(s)46 Disclosure of Compensation of Attorney for Debtor). (Miller, Larry) (Entered: 01/06/2016) |
|---|---|---|
| 01/06/2016 | | |
| 01/06/2016 | 49 (1 pg) | Application for Compensation - Debtor's Counsel/Ch 11 Professional Filed by Joint Debtor Candace April Morris, Debtor David Benjamin Morris (Miller, Larry) (Entered: 01/06/2016) |
| 01/12/2016 | 50 (2 pgs) | Schedule I: Individual - Your Income Filed by Larry L. Miller on behalf of Candace April Morris, David Benjamin Morris. (Miller, Larry) (Entered: 01/12/2016) |
| 01/12/2016 | 51 (2 pgs) | Amended Schedule J Filed by Larry L. Miller on behalf of Candace April Morris, David Benjamin Morris. (Miller, Larry) (Entered: 01/12/2016) |
| 01/12/2016 | 52 (1 pg) | Financial Management Course Certificate Filed *Husband Only* Filed by Larry L. Miller on behalf of David Benjamin Morris. (Miller, Larry) (Entered: 01/12/2016) |
| 01/12/2016 | 53 (1 pg) | Financial Management Course Certificate Filed *Wife only* Filed by Larry L. Miller on behalf of Candace April Morris. (Miller, Larry) (Entered: 01/12/2016) |
| 01/27/2016 | 54 | Hearing Held - (RE: related document(s)44 Motion to Incur Debt filed by Debtor David Benjamin Morris, Joint Debtor Candace April Morris, 49 Application for Compensation - Debtor's Counsel/Ch 11 Professional filed by Debtor David Benjamin Morris, Joint Debtor Candace April Morris) Motion to incur debtor granted. Fee application approved. Order approving fees to be endorsed by debtors. Both Orders to be Tendered Due by 2/8/2016. (Adams, Marleca) (Entered: 01/28/2016) |
| 02/02/2016 | 55 (1 pg) | Order Granting Motion To Incur Debt (Related Doc # 44) Signed on 2/2/2016. (Smith, Dixie) (Entered: 02/02/2016) |
| 02/02/2016 | 56 (1 pg) | Order Granting Application For Compensation - Debtor's Counsel/Ch 11 Professional (Related Doc # 49) Signed on 2/2/2016. (Smith, Dixie) (Entered: 02/02/2016) |
| 02/08/2016 | 57 (9 pgs) | Appeal Decision Entered by Decision of Bankruptcy Court is Affirmed. Court (RE: related document(s)28 Notice of Appeal filed by Debtor David Benjamin Morris, Joint Debtor Candace April Morris) (Adams, Marleca) (Entered: 02/22/2016) |
| 02/22/2016 | 58 | Order Discharging Chapter 7 Both Debtors Signed on 2/22/2016 (RE: related document(s) 5 Meeting (Chapter 7)). (Adams, Marleca) (Entered: 02/22/2016) |

**-15-**

6/20/2016                                Western District of Virginia - LIVE

| | | |
|---|---|---|
| 02/24/2016 | <u>59</u><br>(4 pgs) | BNC Certificate of Mailing - Order of Discharge. (RE: related document(s) 58 Order Discharging Chapter 7) No. of Notices: 12. Notice Date 02/24/2016. (Admin.) (Entered: 02/25/2016) |
| 03/09/2016 | 60 | District Court Order Appealed to Fourth Circuit Court of Appeals Filed by Joint Debtor Candace April Morris, Debtor David Benjamin Morris (RE: related document(s)<u>57</u> Appeal Decision). (Miller, Larry) (Entered: 03/09/2016) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/20/2016 13:55:02 | | | |
| **PACER Login:** | lm0766:2717709:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 15-60033 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

**-16-**

Return to:  Miller Law Group PC
            1160 Pepsi Place, Suite 341
            Charlottesville, VA  22901

000236

## HOMESTEAD DEED FOR REAL AND/OR PERSONAL PROPERTY

Name of Householder: David B. MORRIS & Candace A. MORRIS

Name of title holder of record (if different):  None

Is householder a disabled veteran entitled to claim the additional exemption under 34-4.1?  No

Address of Householder: 650 Celt Road
            Stanardsville, VA 22973

Name(s) and Age(s) of dependent(s):   Son – age 3, Daughter – age 1

County/city/state in which real property claimed as exempt is located: Greene County

| Description of property claimed exempt: | Projected 2015 Federal Tax Refund | $ | 328.42 |
| | Projected 2015 Virginia Tax Refund | $ | 48.17 |
| | Cash on Hand | $ | 10.00 |
| | USAA Checking Account | $ | 5.94 |
| | USAA Savings Account | $ | 17.98 |
| | Wells Fargo Checking Account | $ | 127.97 |
| | Misc. Jewelry | $ | 50.00 |
| | Misc. Outdoor/Hobby Equipment | $1,000.00 |
| | Term Life Insurance Policy | $ | 1.00 |
| | Potential funds due to debtor unknown at the time Of filing including lottery winnings, possible garnishment funds and inheritance. | $ | 1.00 |

Doc ID:  000363650003 Type: DEE
Kind: DEED, HOMESTEAD
Recorded: 02/04/2015 at 11:26:00 AM
Page 1 of 3
Greene Co VA Circuit Court
Marie Durrer - Clerk
Book 1456 Page 361 - 363
File 2015-00000236

Value of property described above: $1,590.48

Number of homestead deeds that have been filed by the Householder: 0
Exemption amount previously claimed on prior homestead deeds: $0.00
List the jurisdictions where previous homestead deeds were filed: None

_David B. Morris_                          _Candace A. Morris_
David B. Morris                            Candace A. Morris

***STATE VIRGINIA***
***COUNTY OF ALBEMARLE, To Wit;***
The foregoing instrument was acknowledged before me this 9th day of January, 2015 by
David B. Morris & Candace A. Morris.

My commission expires: 05/31/2017

BOOK 1456 PAGE 361

_Notary Public_

Heather Danielle Heyer
Notary Public
Reg #750880
Commonwealth of Virginia
My Commission Expires May 31, 2017

PREPARED BY: LARRY L. MILLER, ESQUIRE     BAR NUMBER 43345
MILLER LAW GROUP, PC  1160 PEPSI PLACE, SUITE 341, CHARLOTTESVILLE, VA 22901

B6C (Official Form 6C) (4/13)

In re     **David Benjamin Morris,**         Case No. _____
            **Candace April Morris**

                             Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                       $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                          *with respect to cases commenced on or after the date of adjustment.)*
☒ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| Cash on hand | Va. Code Ann. § 34-4 | 10.00 | 10.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| USAA Checking Account | Va. Code Ann. § 34-4 | 5.94 | 5.94 |
| USAA Savings Account | Va. Code Ann. § 34-4 | 17.98 | 17.98 |
| Wells Fargo Checking Account | Va. Code Ann. § 34-4 | 127.97 | 127.97 |
| **Household Goods and Furnishings** | | | |
| 1 Dining Table, 6 Dining Chairs, 1 Stove, 1 Refrigerator, 1 Dishwasher, 1 Microwave, 1 Washer, 1 Dryer, 2 Desks, 1 Nightstand, 2 Dressers, 3 Beds, 2 Televisions, 1 DVD Player, 2 Computers, 2 Lamps, 1 China Set, 1 Silverware Set | Va. Code Ann. § 34-26(4a) | 675.00 | 675.00 |
| **Wearing Apparel** | | | |
| Men's Clothing | Va. Code Ann. § 34-26(4) | 500.00 | 500.00 |
| Women's Clothing | Va. Code Ann. § 34-26(4) | 500.00 | 500.00 |
| **Furs and Jewelry** | | | |
| 2 Wedding Rings | Va. Code Ann. § 34-26(1a) | 200.00 | 200.00 |
| 1 Watch, 3 Pairs of Earrings, 3 Necklaces, 1 Bracelet | Va. Code Ann. § 34-4 | 50.00 | 50.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| Smith & Wesson M&P40 Pistol | Va. Code Ann. § 34-26(4b) | 100.00 | 100.00 |
| 20 Hand Tools, 3 Power Tools, Smith & Wesson M&P9 Sheild .40 Pistol, Smith & Wesson 638-3 9mm Revolver, Smith & Wesson M&P15 Sport 5.56 Nato AR-15, Marlin 336CS 30-30 Lever, Ruger 10-22 .22LR Semi-Automatic Rifle, Sears Roebuck 3T .22LR Semi-Automatic Rifle, New England Firearms 243 Single-Shot Hand Rifle, Mossberg 935 12 Guage Semi-Automatic, Ruger LCP .380 Semi-Automatic, Heritage Rough Rider .22LR Revolver | Va. Code Ann. § 34-4 | 1,000.00 | 1,000.00 |
| **Interests in Insurance Policies** | | | |
| Term Life Insurance Policy NOTE: Policy is through debtor's employer. | Va. Code Ann. § 34-4 | 1.00 | 1.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| VRS Account | Va. Code Ann. § 34-34 | 10,948.25 | 10,948.25 |

BOOK **1456** PAGE **362**

_____ 1    continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

B6C (Official Form 6C) (4/13) -- Cont.

In re    David Benjamin Morris,                                    Case No. _____
         Candace April Morris

                                                    Debtors

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Other Liquidated Debts Owing Debtor Including Tax Refund** | | | |
| Potential funds due to debtor unknown at the time of filing, including state and federal income tax refunds, possible garnishment funds, and inheritance. | Va. Code Ann. § 34-4 | 1.00 | 1.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 1997 Jeep Cherokee Mileage: 200,000 KBB Value: $1,449.00 | Va. Code Ann. § 34-26(8) | 1,449.00 | 1,449.00 |
| **Animals** | | | |
| 1 Pet | Va. Code Ann. § 34-26(5) | 10.00 | 10.00 |

INSTRUMENT #1500236
RECORDED IN THE CLERK'S OFFICE OF
GREENE ON
FEBRUARY 4, 2015 AT 11:26AM
*Susan E Berry Dep.*
MARIE C. DURRER, CLERK
RECORDED BY: SEB

BOOK**1456** PAGE**363**

| | Total: | 15,596.14 | 15,596.14 |
|---|---|---|---|

Sheet ___1___ of ___1___ continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy



OFFICIAL RECEIPT
GREENE COUNTY CIRCUIT
22 COURT STREET - PO BOX 386
STANARDSVILLE, VIRGINIA  22973
434.985.5208

DEED  RECEIPT

DATE: 02/04/15 TIME: 11:26:34 ACCOUNT: 079CLR1500236    RECEIPT: 15000000557
CASHIER: SEB   REG: GR12  TYPE: DH    PAYMENT:  FULL PAYMENT
INSTRUMENT   : 1500236    BOOK:    1456 PAGE:    361 RECORDED: 02/04/15 AT 11:26
GRANTOR: MORRIS, DAVID B. & CANDACE A.                    EX: N LOC: CO
GRANTEE: MORRIS, DAVID B. & CANDACE A.                    EX: N PCT: 100%
 AND ADDRESS :  ,  .
RECEIVED  OF : MILLER LAW
    CHECK:      $21.00  6985
DESCRIPTION 1:                                      PAGES:   3 OP:  0
            2:                                      NAMES:   0
CONSIDERATION:          .00 A/VAL:          .00 MAP:
                                                PIN:
301  DEEDS                      14.50  145  VSLF                    1.50
106  TECHNOLOGY TRST FND         5.00
                                           TENDERED   :       21.00
                                           AMOUNT PAID:       21.00
                                           CHANGE AMT :         .00


               CLERK OF COURT: MARIE C. DURRER



                     PAYOR'S COPY
                 RECEIPT COPY  1  OF  3

Appeal: 16-1266     Doc: 15     Filed: 06/22/2016     Pg: 25 of 76

# BB&T Check Images

Close

| Check Number | Amount | Date Posted | Account Type | Account Number |
|---|---|---|---|---|
| 6985 | $21.00 | 02/05/2015 | Checking | 5132992594 |

Front View

How to save this image



**Click Image to Enlarge**

Back View

How to save this image



**Click Image to Enlarge**

Return to: Miller Law Group PC
1160 Pepsi Place, Suite 341
Charlottesville, VA 22901

000441

## HOMESTEAD DEED FOR REAL AND/OR PERSONAL PROPERTY

Name of Householder: David B. MORRIS & Candace A. MORRIS

Name of title holder of record (if different): None

Is householder a disabled veteran entitled to claim the additional exemption under 34-4.1? No

Address of Householder: 650 Celt Road, Stanardsville, VA 22973

Name(s) and Age(s) of dependent(s): Daughter – age 3, Daughter – age 1

County/city/state in which real property claimed as exempt is located: Greene County

Description of property claimed exempt:

| | |
|---|---|
| 2014 Federal Tax Refund | $ 6,905.63 |
| 2014 Virginia Tax Refund | $ 1,240.00 |
| Cash on Hand | $ 10.00 |
| USAA Checking Account | $ 5.94 |
| USAA Savings Account | $ 17.98 |
| Wells Fargo Checking Account | $ 127.97 |
| Misc. Jewelry | $ 50.00 |
| Misc. Outdoor/Hobby Equipment | $2,050.00 |
| Smith & Wesson M&P9 Sheild .40 Pistol, | |
| Smith & Wesson 638-3 9mm Revolver, Smith & | |
| Wesson M&P15 Sport 5.56 Nato AR-15, Marlin | |
| 336CS 30-30 Lever, Ruger 10-22 .22LR | |
| Semi-Automatic Rifle, Sears Roebuck 3T .22LR | |
| Semi-Automatic Rifle, New England Firearms | |
| 243 Single-Shot Hand Rifle, Mossberg 935 12 | |
| Guage Semi-Automatic, Ruger LCP .380 | |
| Semi-Automatic, Heritage Rough Rider.22LR Revolver | |
| Term Life Insurance Policy | $ 1.00 |
| Potential funds due to debtor unknown at the time | |
| Of filing including lottery winnings, | |
| possible garnishment funds and inheritance. | $ 1.00 |

Doc ID: 000365810003 Type: DEE
Kind: DEED, HOMESTEAD
Recorded: 03/02/2015 at 11:56:00 AM
Page 1 of 3
Greene Co VA Circuit Court
Marie Durrer - Clerk
Book 1459 Page 131 - 133
File 2015-00000441

Value of property described above: $10,409.52

Number of homestead deeds that have been filed by the Householder: 1

Exemption amount previously claimed on prior homestead deeds: $1,590.48

List the jurisdictions where previous homestead deeds were filed: None

David B. Morris

Candace A. Morris

***STATE VIRGINIA***
***COUNTY OF ALBEMARLE, To Wit;***

The foregoing instrument was acknowledged before me this 9th day of January, 2015 by David B. Morris & Candace A. Morris.

My commission expires: 05/31/2017

BOOK **1459** PAGE **131**

*Notary Public*

Heather Danielle Heyer
Notary Public
Reg #7550880
Commonwealth of Virginia
My Commission Expires May 31, 2017

PREPARED BY: LARRY L. MILLER, ESQUIRE    BAR NUMBER 43345
MILLER LAW GROUP, PC  1160 PEPSI PLACE, SUITE 341, CHARLOTTESVILLE, VA 22901

B6C (Official Form 6C) (4/13)

| | |
|---|---|
| In re   David Benjamin Morris,<br>         Candace April Morris | Case No.   __15-60033__ |

Debtors

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
☑ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| Cash on hand | Va. Code Ann. § 34-4 | 10.00 | 10.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| USAA Checking Account | Va. Code Ann. § 34-4 | 5.94 | 5.94 |
| USAA Savings Account | Va. Code Ann. § 34-4 | 17.98 | 17.98 |
| Wells Fargo Checking Account | Va. Code Ann. § 34-4 | 127.97 | 127.97 |
| **Household Goods and Furnishings** | | | |
| 1 Dining Table, 6 Dining Chairs, 1 Stove, 1 Refrigerator, 1 Dishwasher, 1 Microwave, 1 Washer, 1 Dryer, 2 Desks, 1 Nightstand, 2 Dressers, 3 Beds, 2 Televisions, 1 DVD Player, 2 Computers, 2 Lamps, 1 China Set, 1 Silverware Set | Va. Code Ann. § 34-26(4a) | 675.00 | 675.00 |
| **Wearing Apparel** | | | |
| Men's Clothing | Va. Code Ann. § 34-26(4) | 500.00 | 500.00 |
| Women's Clothing | Va. Code Ann. § 34-26(4) | 500.00 | 500.00 |
| **Furs and Jewelry** | | | |
| 2 Wedding Rings | Va. Code Ann. § 34-26(1a) | 200.00 | 200.00 |
| 1 Watch, 3 Pairs of Earrings, 3 Necklaces, 1 Bracelet | Va. Code Ann. § 34-4 | 50.00 | 50.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| Smith & Wesson M&P40 Pistol | Va. Code Ann. § 34-26(4b) | 100.00 | 100.00 |
| 20 Hand Tools, 3 Power Tools, Smith & Wesson M&P9 Sheild .40 Pistol, Smith & Wesson 638-3 9mm Revolver, Smith & Wesson M&P15 Sport 5.56 Nato AR-15, Marlin 336CS 30-30 Lever, Ruger 10-22 .22LR Semi-Automatic Rifle, Sears Roebuck 3T .22LR Semi-Automatic Rifle, New England Firearms 243 Single-Shot Hand Rifle, Mossberg 935 12 Guage Semi-Automatic, Ruger LCP .380 Semi-Automatic, Heritage Rough Rider .22LR Revolver | Va. Code Ann. § 34-4<br>Va. Code Ann. § 34-4 | 1,640.48<br>409.52 | 2,050.00 |
| **Interests in Insurance Policies** | | | |
| Term Life Insurance Policy<br>NOTE: Policy is through debtor's employer. | Va. Code Ann. § 34-4 | 1.00 | 1.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| VRS Account | Va. Code Ann. § 34-34 | 10,948.25 | 10,948.25 |

BOOK**1459** PAGE**132**

__1__ continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B6C (Official Form 6C) (4/13) -- Cont.

In re    **David Benjamin Morris,**                Case No.    **15-60033**
        **Candace April Morris**

Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Other Liquidated Debts Owing Debtor Including Tax Refund** | | | |
| Potential funds due to debtor unknown at the time of filing, including state and federal income tax refunds, possible garnishment funds, and inheritance. | Va. Code Ann. § 34-4 | 1.00 | 1.00 |
| 2014 Federal Income Tax Refund | Va. Code Ann. § 34-4 | 6,905.63 | 6,905.63 |
| 2014 Virginia Income Tax Refund | Va. Code Ann. § 34-4 | 1,240.00 | 1,240.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 1997 Jeep Cherokee Mileage: 200,000 KBB Value: $1,449.00 | Va. Code Ann. § 34-26(8) | 1,449.00 | 1,449.00 |
| **Animals** | | | |
| 1 Pet | Va. Code Ann. § 34-26(5) | 10.00 | 10.00 |

INSTRUMENT #1500441
RECORDED IN THE CLERK'S OFFICE OF
GREENE ON
MARCH 2, 2015 AT 11:56AM
*Susan E. Berry Dep.*
MARIE C. DURRER, CLERK
RECORDED BY: SEB

BOOK **1459** PAGE **133**

| | | Total: | 24,791.77 | 24,791.77 |
|---|---|---|---|---|

Sheet  _1_  of  _1_  continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                             Best Case Bankruptcy



```
                    OFFICIAL RECEIPT
                 GREENE COUNTY CIRCUIT
             22 COURT STREET - PO BOX 386
             STANARDSVILLE, VIRGINIA  22973
                    434.985.5208


                   DEED  RECEIPT

  DATE: 03/02/15 TIME: 11:56:39 ACCOUNT: 079CLR1500441    RECEIPT: 15000001016
  CASHIER: SEB  REG: GR12  TYPE: DH    PAYMENT: FULL PAYMENT
  INSTRUMENT  : 1500441  BOOK:  1459 PAGE:   131 RECORDED: 03/02/15 AT 11:56
  GRANTOR: MORRIS, DAVID B. & CANDACE A.               EX: N LOC: CO
  GRANTEE: MORRIS, DAVID B. & CANDACE A.               EX: N PCT: 100%
   AND ADDRESS :  ,  .
  RECEIVED  OF : MILLER LAW
     CHECK:        $21.00  7021
  DESCRIPTION 1:                                    PAGES:   3 OP:  0
              2:                                    NAMES:   0
  CONSIDERATION:         .00  A/VAL:          .00  MAP:
                                                   PIN:
  301   DEEDS                   14.50  145  VSLF                    1.50
  106   TECHNOLOGY TRST FND      5.00
                                            TENDERED  :        21.00
                                            AMOUNT PAID:       21.00
                                            CHANGE AMT :         .00


              CLERK OF COURT: MARIE C. DURRER




                     PAYOR'S COPY
                RECEIPT COPY  1  OF  3
```

Appeal: 16-1266    Doc: 15    Filed: 06/22/2016    Pg: 30 of 76

# BB&T Check Images

Close

| Check Number | Amount | Date Posted | Account Type | Account Number |
|---|---|---|---|---|
| 7021 | $21.00 | 03/03/2015 | Checking | 5132992594 |

Front View

How to save this image



**Click Image to Enlarge**

Back View

How to save this image



**Click Image to Enlarge**

-26-

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

In re:
MORRIS, DAVID BENJAMIN                          Case No. 15-60033
MORRIS, CANDACE APRIL
                                                Chapter 7

                          Debtor(s)

**OBJECTION TO EXEMPTIONS
and
MOTION FOR TURNOVER**

     Comes now W. Stephen Scott, Trustee in this matter and objects to the Debtors' claim of exemptions because the amount claimed exceeds the statutory allowable amount and may not accurately reflect the value of the assets claimed exempt. Specifically the Debtors have filed a prior homestead deed and when those exemptions are added to the amount claimed on the homestead deed filed in this case, the claim is in the total amount of $12,000.00, and they are only entitled to claim $11,000.00 for the household with 2 dependents. In addition the Debtors' tax refunds are non-exempt to the extent of $2,289.37 and are property of the estate to be administered by the Trustee. Accordingly, the Trustee requests that the Debtor's exemptions only be allowed to the extent permitted by law and the court determine the value of the assets claimed exempt, and direct the Debtors to turnover to the Trustee all non-exempt property or its value.

**NOTICE OF HEARING**

     **PLEASE TAKE NOTICE** that the undersigned Trustee, by counsel, will move the United States Bankruptcy Court for the relief requested in this **Motion, at** a hearing in **Bankruptcy Courtroom 200,** located at **U.S. Courthouse, 255 W. Main Street, Charlottesville, Virginia** on **April 20, 2015 at 2:00 P.M.**, or as soon thereafter as the parties may be heard.

     Dated: March 17, 2015.

                              Respectfully submitted,

                              W. STEPHEN SCOTT, TRUSTEE
                              By Counsel

/s/ W. Stephen Scott

W. Stephen Scott, Trustee
P. O. Box 1312
Charlottesville, VA 22902
(434) 227-5520
wsscott7trustee@earthlink.net

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion was mailed, postage prepaid, on March 17, 2015, to MORRIS, DAVID BENJAMIN MORRIS, CANDACE APRIL, Debtor(s) at the address set forth in the petition 650 CELT ROAD , STANARDSVILLE, VA 22973 and mailed to or electronically served on LARRY L. MILLER, 1160 PEPSI PLACE, CHARLOTTESVILLE,VA 22901, counsel to Debtor(s).

/s/ W. Stephen Scott

T:\BMSW\QUIKDOCS\15-60033\objection to exemptions.wpd
March 17, 2015 at 10:20 am

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

In re:

MORRIS, DAVID BENJAMIN                    Case No. 15-60033
MORRIS, CANDACE APRIL

Chapter 7

Debtor(s)

## AMENDED OBJECTION TO EXEMPTIONS
### and
## MOTION FOR TURNOVER

Comes now W. Stephen Scott, Trustee in this matter and Amends the Objection to Exemptions which he filed on or about March 17, 2015 in order to add additional facts relating to the Objection. The Trustee states as following to supplement his original Objection:

1. The Trustee just received today copies of the recorded Original Homestead Deed and Amended Homestead Deed filed by the Debtors, through counsel, on February 4, 2015 and March 2, 2015, attached hereto as Exhibits A and B, respectively.

2. The 341 meeting was conducted on February 20, 2015 and was concluded at that time.

3. Upon review of the recorded Homestead Deeds which the Trustee just received, it is apparent that the Amended Homestead Deed was filed more than 5 days after the 341 meeting, and accordingly is late filed, and any exemptions claimed therein are not allowable unless they were previously claimed in the Original Homestead Deed, which was timely filed.

4. The Debtors claimed an exemption in 2015 Tax Refunds in the Original Homestead Deed, but did not claim an exemption in 2014 Tax Refunds. The first time the Debtors claimed an exemption in 2014 Tax Refunds is in the Amended Homestead Deed which was filed late. Those tax refunds are in the total amount of $9,195 for Federal, and $1,240 for Virginia, as reflected on the returns provided to the Trustee.

5. The Debtors executed a Memorandum at the 341 meeting agreeing not to spend any of their 2014 tax refunds unless and until they received written approval from the Trustee. A copy of the Memorandum is attached as Exhibit C. As of the date hereof the Trustee has not authorized the Debtors to spend any of their tax refunds.

Accordingly, the Trustee requests that the Debtors' exemptions only be allowed to the extent

permitted by law and the court determine the value of the assets claimed exempt, and direct the Debtors to turnover to the Trustee all non-exempt property or its value.

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the undersigned Trustee, by counsel, will move the United States Bankruptcy Court for the relief requested in this **Amended Motion,** at a hearing in **Bankruptcy Courtroom 200,** located at **U.S. Courthouse, 255 W. Main Street, Charlottesville, Virginia** on **April 20, 2015 at 2:00 P.M.,** or as soon thereafter as the parties may be heard.

Dated:  April 8, 2015.

Respectfully submitted,

W. STEPHEN SCOTT, TRUSTEE
By Counsel

/s/ W. Stephen Scott
W. Stephen Scott, Trustee
P. O. Box 1312
Charlottesville, VA 22902
(434) 227-5520
wsscott7trustee@earthlink.net

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion was mailed, postage prepaid, on April 8, 2015, to MORRIS, DAVID BENJAMIN MORRIS, CANDACE APRIL, Debtor(s) at the address set forth in the petition 650 CELT ROAD , STANARDSVILLE, VA 22973 and mailed to or electronically served on LARRY L. MILLER, 1160 PEPSI PLACE, CHARLOTTESVILLE,VA 22901, counsel to Debtor(s).

/s/ W. Stephen Scott

T:\BMSW\QUIKDOCS\15-60033\amended objection to exemptions.wpd
April 8, 2015 at 10:52 am

Document    Page 3 of 11    EXHIBIT A

000236

Return to:  Miller Law Group PC
            1160 Pepsi Place, Suite 341
            Charlottesville, VA 22901

## HOMESTEAD DEED FOR REAL AND/OR PERSONAL PROPERTY

Name of Householder: David B. MORRIS & Candace A. MORRIS

Name of title holder of record (if different):  None
Is householder a disabled veteran entitled to claim the additional exemption under 34-4.1?  No
Address of Householder: 650 Celt Road
            Stanardsville, VA 22973

Name(s) and Age(s) of dependent(s):   Son  – age 3, Daughter – age 1
County/city/state in which real property claimed as exempt is located: Greene County

| Description of property claimed exempt: | | |
|---|---|---|
| Projected 2015 Federal Tax Refund | $ | 328.42 |
| Projected 2015 Virginia Tax Refund | $ | 48.17 |
| Cash on Hand | $ | 10.00 |
| USAA Checking Account | $ | 5.94 |
| USAA Savings Account | $ | 17.98 |
| Wells Fargo Checking Account | $ | 127.97 |
| Misc. Jewelry | $ | 50.00 |
| Misc. Outdoor/Hobby Equipment | $1,000.00 | |
| Term Life Insurance Policy | $ | 1.00 |
| Potential funds due to debtor unknown at the time Of filing including lottery winnings, possible garnishment funds and inheritance. | $ | 1.00 |

Doc ID:    000363650003  Type: DEE
Kind: DEED, HOMESTEAD
Recorded: 02/04/2015 at 11:26:00 AM
Page 1 of 3
Greene Co VA Circuit Court
Marie Durrer - Clerk
Book 1456 Page 361 - 363
File 2015-00000236

Value of property described above: $1,590.48

Number of homestead deeds that have been filed by the Householder: 0
Exemption amount previously claimed on prior homestead deeds: $0.00
List the jurisdictions where previous homestead deeds were filed: None

_____            _____
David B. Morris                      Candace A. Morris

***STATE VIRGINIA***
***COUNTY OF ALBEMARLE, To Wit;***
The foregoing instrument was acknowledged before me this 9th day of January, 2015 by
David B. Morris & Candace A. Morris.

My commission expires: 05/31/2017

                                     _____
                                          *Notary Public*

BOOK 1456 PAGE 361

Heather Kennedy Keys
Notary Public
Reg #7550880
Commonwealth of Virginia
My Commission Expires May 31, 2017

PREPARED BY: LARRY L. MILLER, ESQUIRE    BAR NUMBER 43345
MILLER LAW GROUP, PC   1160 PEPSI PLACE, SUITE 341, CHARLOTTESVILLE, VA 22901

Document    Page 4 of 11

B6C (Official Form 6C) (4/13)

In re   David Benjamin Morris,                          Case No. _____
        Candace April Morris,
_____
                    Debtors

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                              $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                       *with respect to cases commenced on or after the date of adjustment.)*
☑ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| Cash on hand | Va. Code Ann. § 34-4 | 10.00 | 10.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| USAA Checking Account | Va. Code Ann. § 34-4 | 5.94 | 5.94 |
| USAA Savings Account | Va. Code Ann. § 34-4 | 17.98 | 17.98 |
| Wells Fargo Checking Account | Va. Code Ann. § 34-4 | 127.97 | 127.97 |
| **Household Goods and Furnishings** | | | |
| 1 Dining Table, 6 Dining Chairs, 1 Stove, 1 Refrigerator, 1 Dishwasher, 1 Microwave, 1 Washer, 1 Dryer, 2 Desks, 1 Nightstand, 2 Dressers, 3 Beds, 2 Televisions, 1 DVD Player, 2 Compiuters, 2 Lamps, 1 China Set, 1 Silverware Set | Va. Code Ann. § 34-26(4a) | 675.00 | 675.00 |
| **Wearing Apparel** | | | |
| Men's Clothing | Va. Code Ann. § 34-26(4) | 500.00 | 500.00 |
| Women's Clothing | Va. Code Ann. § 34-26(4) | 500.00 | 500.00 |
| **Furs and Jewelry** | | | |
| 2 Wedding Rings | Va. Code Ann. § 34-26(1a) | 200.00 | 200.00 |
| 1 Watch, 3 Pairs of Earrings, 3 Necklaces, 1 Bracelet | Va. Code Ann. § 34-4 | 50.00 | 50.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| Smith & Wesson M&P40 Pistol | Va. Code Ann. § 34-26(4b) | 100.00 | 100.00 |
| 20 Hand Tools, 3 Power Tools, Smith & Wesson M&P9 Sheild .40 Pistol, Smith & Wesson 638-3 9mm Revolver, Smith & Wesson M&P15 Sport 5.56 Nato AR-15, Marlin 336CS 30-30 Lever, Ruger 10-22 .22LR Semi-Automatic Rifle, Sears Roebuck 3T .22LR Semi-Automatic Rifle, New England Firearms 243 Single-Shot Hand Rifle, Mossberg 935 12 Guage Semi-Automatic, Ruger LCP .380 Semi-Automatic, Heritage Rough Rider .22LR Revolver | Va. Code Ann. § 34-4 | 1,000.00 | 1,000.00 |
| **Interests in Insurance Policies** | | | |
| Term Life Insurance Policy NOTE: Policy is through debtor's employer. | Va. Code Ann. § 34-4 | 1.00 | 1.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| VRS Account | Va. Code Ann. § 34-34 | 10,948.25 | 10,948.25 |

BOOK**1456** PAGE**362**

___1___  continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6C (Official Form 6C) (4/13) -- Cont.

In re  **David Benjamin Morris,**
       **Candace April Morris,**                                    Case No. _____

_____
                                    Debtors

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Other Liquidated Debts Owing Debtor Including Tax Refund** | | | |
| Potential funds due to debtor unknown at the time of filing, including state and federal income tax refunds, possible garnishment funds, and inheritance. | Va. Code Ann. § 34-4 | 1.00 | 1.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 1997 Jeep Cherokee Mileage: 200,000 KBB Value: $1,449.00 | Va. Code Ann. § 34-26(8) | 1,449.00 | 1,449.00 |
| **Animals** | | | |
| 1 Pet | Va. Code Ann. § 34-26(5) | 10.00 | 10.00 |

INSTRUMENT #1500236
RECORDED IN THE CLERK'S OFFICE OF
GREENE ON
FEBRUARY 4, 2015 AT 11:26AM
*Susan E Berryhill*
MARIE C. DURRER, CLERK
RECORDED BY: SEB

BOOK **1456** PAGE **363**

|  | Total: | 15,596.14 | 15,596.14 |
|---|---|---|---|

Sheet __1__ of __1__ continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy



```
                      OFFICIAL RECEIPT
                    GREENE COUNTY CIRCUIT
                   22 COURT STREET - PO BOX 386
                   STANARDSVILLE, VIRGINIA  22973
                         434.985.5208

                       DEED  RECEIPT

  DATE: 02/04/15 TIME: 11:26:34 ACCOUNT: 079CLR1500236      RECEIPT: 15000000557
  CASHIER: SEB   REG: GR12  TYPE: DH    PAYMENT:  FULL PAYMENT
  INSTRUMENT  : 1500236   BOOK:   1456 PAGE:   361 RECORDED: 02/04/15 AT 11:26
  GRANTOR: MORRIS, DAVID B. & CANDACE A.               EX: N LOC: CO
  GRANTEE: MORRIS, DAVID B. & CANDACE A.               EX: N PCT: 100%
   AND ADDRESS :  ,   .
  RECEIVED  OF : MILLER LAW
     CHECK:        $21.00  6985
  DESCRIPTION 1:                               PAGES:   3 OP:  0
               2:                              NAMES:   0
  CONSIDERATION:            .00  A/VAL:        .00  MAP:
                                                   PIN:
  301  DEEDS                   14.50  145  VSLF                    1.50
  106  TECHNOLOGY TRST FND      5.00
                                           TENDERED   :        21.00
                                           AMOUNT PAID:        21.00
                                           CHANGE AMT :          .00


              CLERK OF COURT: MARIE C. DURRER




                      PAYOR'S COPY
                 RECEIPT COPY  1  OF  3
```

Document    Page 7 of 11

EXHIBIT B    000441

Return to: Miller Law Group PC
1160 Pepsi Place, Suite 341
Charlottesville, VA 22901

## HOMESTEAD DEED FOR REAL AND/OR PERSONAL PROPERTY

Name of Householder: David B. MORRIS & Candace A. MORRIS

Name of title holder of record (if different): None

Is householder a disabled veteran entitled to claim the additional exemption under 34-4.1? No

Address of Householder: 650 Celt Road, Stanardsville, VA 22973

Name(s) and Age(s) of dependent(s): Daughter – age 3, Daughter – age 1

County/city/state in which real property claimed as exempt is located: Greene County

| Description of property claimed exempt: | |
|---|---|
| 2014 Federal Tax Refund | $ 6,905.63 |
| 2014 Virginia Tax Refund | $ 1,240.00 |
| Cash on Hand | $ 10.00 |
| USAA Checking Account | $ 5.94 |
| USAA Savings Account | $ 17.98 |
| Wells Fargo Checking Account | $ 127.97 |
| Misc. Jewelry | $ 50.00 |
| Misc. Outdoor/Hobby Equipment | $2,050.00 |
| Smith & Wesson M&P9 Sheild .40 Pistol, Smith & Wesson 638-3 9mm Revolver, Smith & Wesson M&P15 Sport 5.56 Nato AR-15, Marlin 336CS 30-30 Lever, Ruger 10-22 .22LR Semi-Automatic Rifle, Sears Roebuck 3T .22LR Semi-Automatic Rifle, New England Firearms 243 Single-Shot Hand Rifle, Mossberg 935 12 Guage Semi-Automatic, Ruger LCP .380 Semi-Automatic, Heritage Rough Rider .22LR Revolver | |
| Term Life Insurance Policy | $ 1.00 |
| Potential funds due to debtor unknown at the time Of filing including lottery winnings, possible garnishment funds and inheritance. | $ 1.00 |

Doc ID: 000365810003 Type: DEE
Kind: DEED, HOMESTEAD
Recorded: 03/02/2015 at 11:56:00 AM
Page 1 of 3
Greene Co VA Circuit Court
Marie Durrer - Clerk
Book 1459 Page 131 - 133
File **2015-00000441**

Value of property described above: $10,409.52

Number of homestead deeds that have been filed by the Householder: 1

Exemption amount previously claimed on prior homestead deeds: $1,590.48

List the jurisdictions where previous homestead deeds were filed: None

David B. Morris                Candace A. Morris

*STATE VIRGINIA*
*COUNTY OF ALBEMARLE, To Wit;*
The foregoing instrument was acknowledged before me this 9th day of January, 2015 by
David B. Morris & Candace A. Morris.

My commission expires: 05/31/2017

BOOK **1459** PAGE **131**

*Notary Public*

Notary Public
Reg #7550680
Commonwealth of Virginia
My Commission Expires May 31, 2017

PREPARED BY: LARRY L. MILLER, ESQUIRE    BAR NUMBER 43345
MILLER LAW GROUP, PC  1160 PEPSI PLACE, SUITE 341, CHARLOTTESVILLE, VA 22901

Document    Page 8 of 11

B6C (Official Form 6C) (4/13)

In re    **David Benjamin Morris,**              Case No. ___15-60033___
          **Candace April Morris**

Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
☒ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter
with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on hand** | | | |
| Cash on hand | Va. Code Ann. § 34-4 | 10.00 | 10.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| USAA Checking Account | Va. Code Ann. § 34-4 | 5.94 | 5.94 |
| USAA Savings Account | Va. Code Ann. § 34-4 | 17.98 | 17.98 |
| Wells Fargo Checking Account | Va. Code Ann. § 34-4 | 127.97 | 127.97 |
| **Household Goods and Furnishings** | | | |
| 1 Dining Table, 6 Dining Chairs, 1 Stove, 1 Refrigerator, 1 Dishwasher, 1 Microwave, 1 Washer, 1 Dryer, 2 Desks, 1 Nightstand, 2 Dressers, 3 Beds, 2 Televisions, 1 DVD Player, 2 Compiuters, 2 Lamps, 1 China Set, 1 Silverware Set | Va. Code Ann. § 34-26(4a) | 675.00 | 675.00 |
| **Wearing Apparel** | | | |
| Men's Clothing | Va. Code Ann. § 34-26(4) | 500.00 | 500.00 |
| Women's Clothing | Va. Code Ann. § 34-26(4) | 500.00 | 500.00 |
| **Furs and Jewelry** | | | |
| 2 Wedding Rings | Va. Code Ann. § 34-26(1a) | 200.00 | 200.00 |
| 1 Watch, 3 Pairs of Earrings, 3 Necklaces, 1 Bracelet | Va. Code Ann. § 34-4 | 50.00 | 50.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| Smith & Wesson M&P40 Pistol | Va. Code Ann. § 34-26(4b) | 100.00 | 100.00 |
| 20 Hand Tools, 3 Power Tools, Smith & Wesson M&P9 Sheild .40 Pistol, Smith & Wesson 638-3 9mm Revolver, Smith & Wesson M&P15 Sport 5.56 Nato AR-15, Marlin 336CS 30-30 Lever, Ruger 10-22 .22LR Semi-Automatic Rifle, Sears Roebuck 3T .22LR Semi-Automatic Rifle, New England Firearms 243 Single-Shot Hand Rifle, Mossberg 935 12 Guage Semi-Automatic, Ruger LCP .380 Semi-Automatic, Heritage Rough Rider .22LR Revolver | Va. Code Ann. § 34-4 Va. Code Ann. § 34-4 | 1,640.48 409.52 | 2,050.00 |
| **Interests in Insurance Policies** | | | |
| Term Life Insurance Policy NOTE: Policy is through debtor's employer. | Va. Code Ann. § 34-4 | 1.00 | 1.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| VRS Account | Va. Code Ann. § 34-34 | 10,948.25 | 10,948.25 |

BOOK**1459** PAGE**132**

___1___  continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

-36-

B6C (Official Form 6C) (4/13) — Cont.

In re    David Benjamin Morris,                                    Case No. ___15-60033___
         Candace April Morris,
                                          Debtors

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Other Liquidated Debts Owing Debtor Including Tax Refund** | | | |
| Potential funds due to debtor unknown at the time of filing, including state and federal income tax refunds, possible garnishment funds, and inheritance. | Va. Code Ann. § 34-4 | 1.00 | 1.00 |
| 2014 Federal Income Tax Refund | Va. Code Ann. § 34-4 | 6,905.63 | 6,905.63 |
| 2014 Virginia Income Tax Refund | Va. Code Ann. § 34-4 | 1,240.00 | 1,240.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 1997 Jeep Cherokee Mileage: 200,000 KBB Value: $1,449.00 | Va. Code Ann. § 34-26(8) | 1,449.00 | 1,449.00 |
| **Animals** | | | |
| 1 Pet | Va. Code Ann. § 34-26(5) | 10.00 | 10.00 |

```
            INSTRUMENT #1500441
        RECORDED IN THE CLERK'S OFFICE OF
                    GREENE ON
        MARCH  2, 2015 AT 11:56AM
               Susan E Berry Dep
          MARIE C. DURRER, CLERK
            RECORDED BY: SEB
```

BOOK **1459** PAGE **133**

| | | Total: | 24,791.77 | 24,791.77 |
|---|---|---|---|---|

Sheet __1__ of __1__ continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy



```
                    OFFICIAL RECEIPT
                 GREENE COUNTY CIRCUIT
               22 COURT STREET - PO BOX 386
               STANARDSVILLE, VIRGINIA  22973
                     434.985.5208

                   DEED  RECEIPT

 DATE: 03/02/15 TIME: 11:56:39 ACCOUNT: 079CLR1500441      RECEIPT: 15000001016
 CASHIER: SEB   REG: GR12  TYPE: DH    PAYMENT: FULL PAYMENT
 INSTRUMENT  : 1500441   BOOK:   1459 PAGE:   131 RECORDED: 03/02/15 AT 11:56
 GRANTOR: MORRIS, DAVID B. & CANDACE A.                 EX: N LOC: CO
 GRANTEE: MORRIS, DAVID B. & CANDACE A.                 EX: N PCT: 100%
  AND ADDRESS :  ,  .
 RECEIVED  OF : MILLER LAW
    CHECK:        $21.00  7021
 DESCRIPTION 1:                                      PAGES:   3 OP:  0
            2:                                      NAMES:   0
 CONSIDERATION:            .00  A/VAL:           .00  MAP:
                                                    PIN:
 301   DEEDS                    14.50  145  VSLF                    1.50
 106   TECHNOLOGY TRST FND       5.00
                                         TENDERED   :            21.00
                                         AMOUNT PAID:            21.00
                                         CHANGE AMT :              .00


            CLERK OF COURT: MARIE C. DURRER




                    PAYOR'S COPY
                 RECEIPT COPY  1  OF  3
```

EXHIBIT C

W. STEPHEN SCOTT

TRUSTEE IN BANKRUPTCY
FOR THE WESTERN DISTRICT OF VIRGINIA

P.O. Box 1312
Charlottesville, VA 22902

Telephone (434) 227-5520
email: wsscott7trustee@earthlink.net

February 19, 2015

## MEMORANDUM

TO:      MORRIS, DAVID BENJAMIN
         MORRIS, CANDACE APRIL
         MORRIS, DAVID MORRIS

FROM:    W. Stephen Scott, Trustee

RE:      MORRIS, DAVID BENJAMIN-MORRIS, CANDACE APRIL
         Chapter 7 Case No. 15-60033

As you are aware, I am your bankruptcy trustee. Your interest in your potential 2014 Federal or State income tax refunds may be property of the bankruptcy estate which I will need to administer. Accordingly, when you file your returns, you must provide me with a copy of the returns, and you may not spend any refund until I approve it in writing. If you fail to do this, your bankruptcy may be revoked, and you may be subject to criminal prosecution. Please discuss this with your lawyer if you are represented by one. Please acknowledge receipt of this letter below.

/s/ W. Stephen Scott, Trustee

Received:

1

1   IN THE UNITED STATES BANKRUPTCY COURT

2   FOR THE WESTERN DISTRICT OF VIRGINIA

3   CHARLOTTESVILLE DIVISION

4

5   In the case of:

6   DAVID BENJAMIN MORRIS and CANDACE APRIL MORRIS

7

8   CHAPTER 7

9   CASE NO.  15-60033

10

11   #19    Amended   Objection   to   to   Homestead   Exemption   Filed   by

12   W. Stephen Scott, Trustee

13

14

15

16

17   Transcript   of   proceedings   held   and   testimony   adduced

18   in   the   above-styled   suit,   pursuant   to   notice,   before   the

19   Honorable   Rebecca   B.   Connelly,   Judge   of   the   United   States

20   Bankruptcy   Court   for   the   Western   District   of   Virginia,   held

21   on   the   20th   day   of   April,   2015,   in   the   United   States

22   Bankruptcy Court, Charlottesville, Virginia.

23

24

25

2

| 1 | A P P E A R A N C E S |
| 2 | |
| 3 | On behalf of the Debtor: |
| 4 | Larry L. Miller, Esquire |
| 5 | |
| 6 | On behalf of the Chapter 7 Trustee: |
| 7 | W. Stephen Scott, Esquire |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

3

```
 1                    P R O C E E D I N G S

 2            MR. MILLER:  It's case 15-60033.

 3            THE COURT:  David and Candace Morris.

 4            MR. TRUSTEE:  Your Honor, I'm the Chapter 7

 5    Trustee in this case.  The Chapter 7 bankruptcy was filed

 6    on January the 9th of 2015.  We had the 341 conducted in

 7    which was concluded on February 20th of 2015.  Subsequent

 8    to the 341 meeting, I was looking into the issue of

 9    assets and claim of exemptions.  In looking at that, I

10    was provided a copy of a reported homestead deed which

11    appeared to me that at least the initial on that was

12    filed - was okay.  It was filed before the 341 meeting.

13    I think it was February the 4th.  And under that

14    homestead deed, two of the assets that were exempted were

15    the 2015 state and federal income tax refunds.  And it

16    appeared that the amounts claimed in that deed were only

17    $1,590.48.  So, it would appear to be satisfactory.

18            Then I later received a copy of a signed but

19    unrecorded amended homestead deed, which is attached -

20    well, which increased the exemptions and added or

21    actually showed 2014 federal and Virginia tax refunds

22    totaling about 81 hundred plus dollars.  Initially,

23    looking at that, it appeared to me that the debtors were

24    claiming approximately 12 thousand dollars on their

25    homestead deed.  Since they were the two debtors and two
```

4

1    dependents, they could only claim eleven thousand.  So, I

2    filed an objection at that point because it appeared to

3    me that they had over claimed their exemption by a

4    thousand dollars.  Plus there was going to be

5    approximately 25 hundred dollars of non-exempt tax

6    refunds that they could not protect.

7           So, it's on that basis that I filed my original

8    objection and set it for hearing today.  Then when we

9    were trying to get that resolved, I received the actual

10   recorded amended homestead deed, which I received on or

11   about March 17th.  And at that time, I realized that the

12   amended homestead deed, which was amending the original

13   one, was filed more than five days after the conclusion

14   of the 341 meeting, which was held February 20th.  And

15   under the amended homestead deed, it was claiming tax

16   refunds for federal and state for 2014.

17          As a result, it appeared to me that the amended

18   homestead deed was late filed.  And that any items that

19   are being claimed on it, that were not claimed on the

20   original homestead deed that was timely filed, would not

21   be allowable.  So that's when I filed my amended

22   objection to the homestead exemption and request for

23   turnover.  Attached to that amended objection are three

24   exhibits.  Exhibit A is a copy of the recorded original

25   homestead deed.  Exhibit B is a copy of the recorded

5

1    amended homestead deed.  And then also attached is

2    Exhibit C which is a memorandum signed by the debtors

3    which I had them sign at the 341 meeting which reminds

4    them, in writing, concerning their responsibilities to

5    not spend any tax refunds they may get without my

6    approval.

7            So, where we are is it's my position that,

8    based upon the recorded instruments, that the tax refunds

9    for 2014 in the amounts shown on Exhibit B, which is the

10   amended homestead deed, were not properly claimed exempt

11   because that homestead deed was not totally filed and

12   that they are not covered or protected by the original

13   one that was filed.  The one thing that did come up in

14   reviewing both of those reported instruments and Mr.

15   Miller may be able to speak to this is that the

16   acknowledgment signed by the notary on both homestead

17   deeds is dated January 9th, 2015.  And I can't imagine

18   how that could have occurred.  So, it may very well be

19   that the first homestead deed was properly acknowledged

20   by the notary on January the 9th because it was recorded

21   February the 4th.  But the amended homestead deed is

22   dated the same date and it certainly seems to me it would

23   have been executed at a later date.

24           THE COURT:  If I sustain the objection to the

25   homestead exemption, then what is the impact in terms of

6

1    dollars that would be unexempt?

2                MR. SCOTT:  Well, the impact would be about 75

3    hundred dollars more money to the estate.

4                THE COURT:  All right.  So, the additional

5    claim of the exemption under 2014, which was

6    approximately eight thousand or something like that?

7                MR. SCOTT:  Let's see.  It was $8,145.63

8    federal and state.

9                THE COURT:  Okay.  So, that would be disallowed

10   but anything else would be -

11               MR. SCOTT:  Everything else appears to be okay.

12               THE COURT:  - allowed.  And then you believe

13   the impact would be about 75 hundred dollars.

14               MR. SCOTT:  I guess it's actually - must be

15   around six thousand dollars because if the Court were to

16   find that, under the original homestead that was filed,

17   if the Court were to find that that deed did cover the

18   2014 tax refunds, then it's my position as set forth in

19   the original objection that he claimed a thousand dollars

20   more than he was entitled to plus there was $2,289.37

21   that he couldn't protect.

22               THE COURT:  Okay.  All right.  Thank you, Mr.

23   Scott.  Mr. Miller?

24               MR. MILLER:  Your Honor, when we filed the

25   petition in this matter, we had them sign a homestead

7

1    deed at the time of their signing.  It was the beginning

2    of the year.  We were thinking 2015, not thinking 2014.

3    We talked about a projected refund because the return had

4    not been filed yet.  The return actually became filed and

5    that's why the amended one was file.  And the 1,590 on

6    the first one is included in the totals there.  The

7    $6,905.63 is the actual refund and we had listed 328.42

8    as a projected from the previous year.  That amount is

9    included in the 69 hundred as well as the 4,817 in the

10   1,240 for Virginia.

11              THE COURT:  I'm sorry, Mr. Miller, I don't mean

12   to interrupt you but if you could just help me out here.

13   The trustee has raised an objection to the amended

14   homestead deed as being untimely.  Is that contested?

15              MR. MILLER:  I don't think that it's untimely

16   because we had the matter listed in there as a projected

17   refund.  We had the year wrong.  It's a scrivener's

18   error.

19              THE COURT:  So, the original homestead deed - I

20   don't think there's any question or objection has not

21   been raised as to the timeliness of the original

22   homestead deed.  So, it appears that the parties agree

23   that the original homestead deed was timely.  And am I

24   understanding your argument to be that, under the

25   original homestead deed, the debtor has claimed an

8

| | |
|---|---|
| 1 | exemption in a 2014 tax refund and a 2015 tax refund? |
| 2 | MR. MILLER:  No, just the 2014.  At the time, |
| 3 | 2014 return had not been filed. |
| 4 | THE COURT:  All right.  So, your argument is |
| 5 | that, under the original homestead deed, the debtor |
| 6 | claimed an exemption for 2014 tax refund.  Then why was |
| 7 | an amended homestead deed filed? |
| 8 | MR. MILLER:  It was projected. |
| 9 | THE COURT:  What was projected?  I'm sorry? |
| 10 | MR. MILLER:  It was a projected refund for |
| 11 | 2014.  We didn't know what the refund was going to be. |
| 12 | We based it upon 2013. |
| 13 | THE COURT:  So, at the time that you filed your |
| 14 | original homestead deed, you claimed an exemption in 2014 |
| 15 | tax refund as a projected refund. |
| 16 | MR. MILLER:  Correct. |
| 17 | THE COURT:  All right.  So, the trustee has |
| 18 | argued and the document that's been filed says projected |
| 19 | - the trustee has argued that the original homestead deed |
| 20 | did not claim the 2014 tax refund.  It claimed a 2015 tax |
| 21 | refund.  The document that he attached to his objection |
| 22 | as Exhibit A shows projected 2015 federal tax refund, |
| 23 | projected 2015 Virginia tax refund.  Is this the document |
| 24 | that you're saying actually exempts 2014? |
| 25 | MR. MILLER:  Yes. |

1   THE COURT:  How is it that it exempts the 2014

2   tax refund?

3   MR. MILLER:  Because it was filed in January

4   right at the beginning of the year.  The dates got

5   confused because they were received in 2015 instead of

6   listed as a 2014.  And it was just a projected - I even

7   looked at it and didn't think anything was wrong with it.

8   It was later on that we found out that it should have

9   been for 2014.  Because 2015, they had not earned the

10  money yet.

11  THE COURT:  We had a previous case in which Mr.

12  Scott raised an objection and I sustained his objection

13  and it was on the grounds that the actual year listed was

14  not the year for the tax refund.  It was an error similar

15  to what you're talking about.  The time that the

16  homestead deed was prepared, filed, and recorded, it

17  listed that particular year and yet the refund was really

18  for the prior calendar year.  Mr. Scott raised an

19  objection and I sustained the objection.  I guess I would

20  need to know what authority you rely on to find that the

21  language, "projected 2015 federal tax refund", that I'm

22  allowed to simply treat that as 2014.

23  MR. MILLER:  I would think the Court should

24  look at the Smoot versus Wolfe case.  It's out of

25  Harrisonburg.  It talks about homestead deeds and things

-48-

1    that are there.  And it talks about the debtors intent to

2    exempt certain property from bankruptcy.  They did file a

3    homestead deed.  The Court picks a statement that the

4    case is construing in section 3417 which applies that

5    homestead deeds are schizophrenic.  It says that on one

6    hand, the Court should construe a lot of homestead deeds

7    liberally in favor of the debtors.  On the other hand,

8    debtors must strictly abide the requirements for the

9    homestead deed in order to be entitled to exemption.

10    They said the General Assembly had declared what

11    homestead exemptions were available.  And it affirmed the

12    decision that the exemption is allowed.

13              I think there is a showing there that it is at

14    least plausible that it is substantially complying with

15    the purpose of the Homestead Act and that's what was

16    done.  That would be the same thing with the timing

17    because there's another case that's unpublished that

18    talks about if it's with the clerk on time and the clerk

19    doesn't file it, then the blame doesn't go on the debtor,

20    it goes on the clerk.

21              THE COURT:  If I agreed that the language in

22    the original homestead deed, it says projected 2015, I

23    agreed that is to be construed as 2014, then it appears

24    that the debtor has exempted a little over three hundred

25    dollars in the federal tax refund, 48 dollars in the

Appeal: 16-1266    Doc: 15    Filed: 06/22/2016    Pg: 54 of 76

11

1      state tax refund.  Is that right?

2                      MR. MILLER:  Correct.

3                      THE COURT:  How does that then address the

4      concern regarding the timeliness of the amended homestead

5      deed?

6                      MR. MILLER:  I don't think there is any

7      requirement for the amended homestead deed to be timely

8      filed with the 341.  It refers to the original.

9                      THE COURT:  All right.  To the extent that the

10     amended homestead deed was recorded, was it recorded

11     within five days of the 341 meeting?

12                     MR. MILLER:  It was not within the five days.

13     It was at the clerk's office within the five days and

14     they delayed recording it either one or two days.

15                     THE COURT:  All right.  Is there anything else

16     that I need to consider?

17                     MR. MILLER:  I don't think so.

18                     THE COURT:  All right.  Any reply?

19                     MR. SCOTT:  Yes, your Honor.  As far as when

20     the clerk's office received this instrument, I think we'd

21     have to have evidence of that.  I certainly respect Mr.

22     Miller but I think the Court would have to have more than

23     just that.  And there's been no responsive pleading filed

24     to my objection to begin with.  So, the case authority as

25     well as his arguments have not been presented.  The one

1    thing I did want to point out to clarify the amounts

2    involved, the $2,289.37 is - let me back up.  The total

3    amount of the refunds were 9,195 for the federal for

4    2014, of which he claimed exempt on the amended homestead

5    $6,905.63.  Actual amount of the state refund, total, was

6    1,240 dollars, of which they exempted 1,240 on the

7    amended homestead deed.  So, the total amount of refunds

8    that would be affected is 10,435 dollars.  The difference

9    between the 10,435 which is the total amount of the

10   refunds, and the amount that's shown on the amended

11   homestead deed as 2014 is the 81 hundred dollars being to

12   the difference of $2,289.37.  So, my argument is that, at

13   the end of the day, if the Court sustains my objection,

14   I'm entitled to the full amount of the 2014 tax refunds,

15   which would be 10,435 dollars.

16               THE COURT:  So, the 2,289 dollars, the debtor's

17   position is that they are not claiming that exempt?

18               MR. SCOTT:  Right, because they have exceeded

19   their exemption.  I inquired to Mr. Miller's office as to

20   what the status is and I have not gotten a response.

21   Hopefully, if they've received money, they still have it.

22               THE COURT:  Now, debtor's counsel has argued

23   that the Wolfe versus Smoot case authorizes the Court to

24   construe the original homestead deed as exempting the

25   2014 tax refunds in this case.  I was wondering if you

13

1    have any response.

2              MR. SCOTT:  Well, I haven't been provided the

3    case in advance of today to be able to comment.  I don't

4    think it specifically, from what he said, I don't think

5    it specifically addresses this issue.  And my argument,

6    your Honor, is pretty simple.  On the homestead deed,

7    what you are exempting - or any deed - what you are

8    dealing with is the language between the opening of the

9    deed that the, you know, the declaration of the deed and

10   the debtor's signature.   And that's what we have to look

11   to.  And it's pretty clear that 2014 and 2015 are two

12   different things.  And why he then amended it a few weeks

13   later to come in and add 2014 if it was already covered

14   under the first one, I'm not sure I understand why; why

15   specifically identify that as 2014 if it was already

16   supposedly covered under the first.  If the deed had been

17   prepared and said, you know, all tax refunds accrued to

18   the date of the petition or in which the debtor had an

19   interest, then that could conceivably cover that.  But it

20   didn't do that.  It asked for something specific.  And it

21   seems to me, when you're saying I want that refund,

22   you're making a choice.  It's no different than, "I want

23   that car.  I want the '86 Chevy, not the '87 Chevy".  And

24   once you make that decision, it's pretty clear to

25   whomever is looking at the instrument in the clerk's

Appeal: 16-1266    Doc: 15    Filed: 06/22/2016    Pg: 57 of 76

1   office what it is you're asking for.  So, although

2   exemptions are to be liberally construed, I don't think

3   they can be construed so liberally as to ignore what's on

4   the face of the recorded instrument unless there's some

5   confusion as to the way that instrument is drafted.

6            THE COURT:  Thank you, Mr. Scott.  All right.

7   Well, at this time, we have the objection to the

8   homestead exemption and the argument here today.  I don't

9   have any written response to the objection.  And the

10  objection raises two points;  that the original homestead

11  deed exceeded the amounts permitted under Virginia Code

12  34-4 and that the amended homestead deed is untimely and

13  also exceeds amounts set forth under 34-4.  And it

14  appears that many of these facts are similar to facts in

15  a previous case heard in this court in which Mr. Scott

16  raised an objection to the allowance of an exemption on a

17  homestead deed because a tax refund that was identified

18  specifically by a year did not reflect the year that the

19  tax refund was actually received by the debtor.  Such as

20  in this case.  For example, we are here today over 2015.

21  The debtor has received a tax refund in calendar year

22  2015 while this debtor has been in Chapter 7.  But the

23  tax refund is for the calendar year 2014.  And as I

24  previously - when the homestead deed specifically

25  references a property interest such as a tax refund by a

15

1    year, it is that particular property interest that has

2    been exempt and it is not to be construed as to some

3    other date or interest.

4              In this case, we note that the homestead deed

5    has been recorded.  That provides notice to the public of

6    the debtor's claim that certain property is exempt.  I

7    think it is for that reason that the property that is

8    exempt must be construed very specifically with respect

9    to the language that is listed in the homestead deed.  In

10   this case, there is no ambiguity in the description of

11   the language.  So, while the Wolfe versus Smoot case

12   provides that bankruptcy courts may construe exemptions

13   liberally in favor of the debtor, it does not provide me

14   the authority to ignore the language that is in the

15   homestead deed when there is no ambiguity in that

16   language in order to characterize that language as

17   something other than what the words specifically state.

18   I don't believe that I can construe 2014 federal tax

19   refund and 2015 federal tax refunds as anything other

20   than those particular tax refunds for those particular

21   years.  So, I sustain the objection to the exemption of

22   the homestead deed.  And the matter that is before me at

23   this time is the amended objection that any claim of

24   exemption was not timely made and exceeds the amounts

25   permissible under section 34-4.

16

1       So, Mr. Scott, I will sustain your objection

2   and then I will leave that to you to determine the

3   figures or amounts and what impact that will have on this

4   case.  If you could prepare the order, Mr. Miller should

5   have the opportunity to review the order since he was

6   here.

7           MR. SCOTT:  As part of that motion, I'd ask for

8   the entry of an order directing the debtor to turn over

9   any non-exempt funds that the Court found improper.  So,

10  I would like to have in this order such language that

11  would direct the debtor to bring the amount - the amount

12  as I see it is 10,439 dollars.

13          THE COURT:  Well, that was in the prayer for

14  relief so I will authorize the entry of an order that

15  directs turnover.  Now, this is April 20th.  I'd like to

16  give the debtor a minimum of 30 days to turn it over.

17          MR. SCOTT:  Mr. Miller, do you know if they've

18  received the refund?

19          MR. MILLER:  They have not at this point.

20          MR. SCOTT:  They have not, okay.

21          THE COURT:  I think we could probably do 30

22  days unless the parties agree to any other date or any

23  other time period.  But I'd like to give the debtors 30

24  days unless you all agree to another time period.

25          MR. SCOTT:  That's satisfactory with me unless

17

1    they've already received it.  I mean, once they receive

2    it, it doesn't seem to me they should have 30 days to

3    turn it over to me.

4              THE COURT:  I know but I'm going to give them

5    30 days.

6              MR. SCOTT:  All right.  So, I'll put some

7    language that says 30 days from the entry of this order

8    or 30 days from the receipt of the refunds, whichever is

9    later?

10             THE COURT:  Well, I'll allow the parties the

11   authority to agree to any other deadline.  Otherwise,

12   it's going to be 30 days from today's date.

13             Mr. SCOTT:  All right.  That's fine.  Thank

14   you, Judge.

15             THE COURT:  All right.  I think that was it in

16   that particular case.

17

18                        (WHEREUPON, the above styled

19                         proceedings concluded.)

20

21

22

23

24

25

18

```
1                        REPORTER'S CERTIFICATE

2    COMMONWEALTH OF VIRGINIA,

3    COUNTY OF AUGUSTA, to-wit:

4

5            I, the undersigned, Laura B. Ballengee, Notary

6    Public in and for the Commonwealth of Virginia, at large,

7    do hereby certify that the foregoing is, to the best of

8    my skill and ability, a true and accurate transcript of

9    proceedings had and evidence adduced at a hearing held in

10   the above-styled case, on the 20th day of April, 2015.

11

12                                    _____

13                                         Laura B. Ballengee

14

15                          Notary Registration Number 352633.

16            My commission expires September 30th, 2016.

17

18

19

20

21

22

23

24

25
```

## UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

-----------------------------------------------

In re:

DAVID BENJAMIN MORRIS                    Case No. 15-60033
CANDACE APRIL MORRIS                     Chapter 7
       Debtors

-----------------------------------------------

### ORDER

Hearing was held on April 20, 2015 on the Trustee's Objection To Exemptions and Motion for Turnover, and his Amended Objection to Exemptions and Motion for Turnover, including the Exhibits A, B, and C attached thereto.   The Trustee and the Debtors were present by their counsel.   The Court considered the Objection and Amended Objection filed by the Trustee, the Exhibits, and argument of counsel, and finds that the Original Homestead Deed was timely filed in the case and specifically and unequivocally claims an exemption in the Debtors' 2015 Federal and State Tax Refunds which are allowed by the Court.   The Court further finds that the Amended Homestead Deed was not timely filed in order to be able to exempt assets not scheduled on the Original Homestead Deed, and accordingly the exemptions specifically and unequivocally claimed by the Debtors in their 2014 Federal and State Tax Refunds in the Amended Homestead Deed are disallowed, and therefore constitute property of the estate and are subject to administration by the Trustee.   The Court finds that the 2014 Federal and State tax refunds in the amounts of $6,905.63 and $1,240.00, respectively, as shown on the Amended Homestead Deed reflect only a portion of those tax refunds that the Debtors are entitled to

receive based upon the tax returns they filed. Accordingly, IT IS HEREBY ORDERED that the

entire amount of the Debtors' 2014 Federal and State tax refunds shall be turned over to the

Trustee within thirty (30) days from the date of the entry of this Order.


DATE: 4/28/2015

ENTER: _Rebecca B Connelly_
Rebecca B. Connelly, Judge
U. S. Bankruptcy Court


I ask for this:
/s/ W. Stephen Scott, Esq.
W. Stephen Scott (VSB# 14301)
P. O. Box 1312
Charlottesville, VA 22902
434-227-5520
wsscott7trustee@earthlink.net
Counsel for the Trustee

Seen and object to:
/s/ Larry L. Miller
Larry L. Miller, Esq. (VSB# 43345)
Miller Law Group, PC
1160 Pepsi Place, Suite 341
Charlottesville, VA 22901
434-974-9776
larry@millerlawgrouppc.com
Counsel for Debtors


2

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
**Charlottesville Division**

In re:
MORRIS, DAVID BENJAMIN
MORRIS, CANDACE APRIL

Case No. 15-60033

Chapter 7

Debtor(s)

### OBJECTION TO EXEMPTIONS
**and**
### MOTION FOR TURNOVER

     Comes now W. Stephen Scott, Trustee in this matter and objects to the Debtors' claim of exemptions because the amount claimed exceeds the statutory allowable amount and may not accurately reflect the value of the assets claimed exempt.  Specifically the Debtors have filed a prior homestead deed and when those exemptions are added to the amount claimed on the homestead deed filed in this case, the claim is in the total amount of $12,000.00, and they are only entitled to claim $11,000.00 for the household with 2 dependents.  In addition the Debtors' tax refunds are non-exempt to the extent of $2,289.37 and are property of the estate to be administered by the Trustee.  Accordingly, the Trustee requests that the Debtor's exemptions only be allowed to the extent permitted by law and the court determine the value of the assets claimed exempt, and direct the Debtors to turnover to the Trustee all non-exempt property or its value.

### <u>NOTICE OF HEARING</u>

     **PLEASE TAKE NOTICE** that the undersigned Trustee, by counsel, will move the United States Bankruptcy Court for the relief requested in this **Motion,** at a hearing in **Bankruptcy Courtroom 200,** located at **U.S. Courthouse, 255 W. Main Street, Charlottesville, Virginia** on **April 20, 2015 at 2:00 P.M.**, or as soon thereafter as the parties may be heard.

     Dated:  March 17, 2015.

Respectfully submitted,

W. STEPHEN SCOTT, TRUSTEE
By Counsel

<u>/s/ W. Stephen Scott</u>

W. Stephen Scott, Trustee
P. O. Box 1312
Charlottesville, VA 22902
(434) 227-5520
wsscott7trustee@earthlink.net

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing Motion was mailed, postage prepaid, on March 17, 2015, to MORRIS, DAVID BENJAMIN MORRIS, CANDACE APRIL, Debtor(s) at the address set forth in the petition 650 CELT ROAD , STANARDSVILLE, VA 22973 and mailed to or electronically served on LARRY L. MILLER, 1160 PEPSI PLACE, CHARLOTTESVILLE,VA 22901, counsel to Debtor(s).

                     /s/ W. Stephen Scott

T:\BMSW\QUIKDOCS\15-60033\objection to exemptions.wpd
March 17, 2015 at 10:20 am

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 8 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

DAVID BENJAMIN MORRIS and    )
CANDACE APRIL MORRIS,    )
    )
    Appellants,    )    Civil Action No. 3:15-CV-00021
    )
v.    )    **MEMORANDUM OPINION**
    )
W. STEPHEN SCOTT, Chapter 7 Trustee,    )    By: Hon. Glen E. Conrad
    )    Chief United States District Judge
    Appellee.    )

In this appeal from the United States Bankruptcy Court for the Western District of Virginia, appellants David Benjamin Morris and Candace April Morris (the "Debtors"), Chapter 7 debtors, seek review of the bankruptcy court's order granting a motion for turnover and ordering that the entire amount of the Debtors' 2014 federal and state tax refunds be turned over to appellee W. Stephen Scott (the "Trustee"), a Chapter 7 trustee. For the following reasons, the bankruptcy court's decision will be affirmed.

### Background

On January 9, 2015, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. They filed a homestead deed with the Circuit Court for Greene County on February 4, 2015 (the "Original Homestead Deed"). In that deed, the Debtors listed their exempt property, specifically "Projected 2015 Federal Tax Refund" in the amount of $328.42 and "Projected 2015 Virginia Tax Refund" in the amount of $48.17, pursuant to Virginia Code § 34-4. Docket No. 2, at 13. In Schedule C of the Original Homestead Deed, the Debtors listed "Other Liquidated Debts Owing Debtor Including Tax Refund" in the amount of $1.00. Id. at 15.

The meeting of creditors, pursuant to 11 U.S.C. § 341, took place on February 20, 2015 (the "§ 341 meeting"). Ten days later, on March 2, 2015, the Debtors filed a new homestead

deed with the Circuit Court for Greene County (the "Amended Homestead Deed"). In the Amended Homestead Deed, the Debtors listed their exempt property as "2014 Federal Tax Refund" in the amount of $6,905.63 and "2014 Virginia Tax Refund" in the amount of $1,240.00. Docket No. 2, at 17. In Schedule C of the Amended Homestead Deed, the Debtors listed the value of "Other Liquidated Debts Owing Debtor Including Tax Refund" as $8,146.63.

On March 17, 2015, the Trustee filed an objection to the exemptions in the Amended Homestead Deed and a motion for turnover of the Debtor's 2014 federal and tax refunds. On April 8, 2015, the Trustee filed an amended objection to the exemptions and a motion for turnover. The bankruptcy court held a hearing on the motion on April 20, 2015. On April 28, 2015, the bankruptcy court entered an order finding that the Amended Homestead Deed was not timely filed and disallowing the 2014 federal and state tax refund exemptions in the Amended Homestead Deed. Accordingly, the bankruptcy court ordered the Debtors to turn over their 2014 federal and state tax refunds to the Trustee. The Debtors appealed this decision on May 12, 2015. The matter has been fully briefed and is ripe for disposition.[1]

### Standard of Review

The court has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 158(a). The district court reviews the bankruptcy court's findings of fact for clear error. Fed. R. Bankr. P. 8013; In re Merry–Go–Round Enterprises, 180 F.3d 149, 154 (4th Cir. 1999). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). If "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id. at 574 (citing

---

[1]    Neither party requested oral argument. The court is of the opinion that oral argument would not aid the decisional process.

2

United States v. Yellow Cab Co., 338 U.S. 33, 342 (1949)). The party seeking reversal of the bankruptcy court's factual findings bears the burden of proving that those findings are clearly erroneous. In re Rape, 104 B.R. 741, 747 (W.D.N.C. 1989). On the other hand, a bankruptcy court's conclusions of law are reviewed de novo. In re Harford Sands Inc., 372 F.3d 637, 639 (4th Cir. 2004). If an issue presents a mixed question of law and fact, the court applies the clearly erroneous standard to the facts and de novo review to legal conclusions derived from those facts. Gilbane Bldg. Co. v. Fed. Reserve Bank, 80 F.3d 895, 905 (4th Cir. 1996).

### Discussion

On appeal, the Debtors raise two arguments. First, the Debtors contend that they properly exempted their 2014 federal and state tax refunds in the Original Homestead Deed. Second, they argue that the Amended Homestead Deed was timely filed. The court will address each of these arguments in turn.

### I.    Tax Returns Exemption in the Original Homestead Deed

The Debtors first argue that they properly exempted their 2014 federal and state tax refunds in the Original Homestead Deed, and that the bankruptcy court erred in finding that the Original Homestead Deed only exempted their projected 2015 federal and state tax refunds. Virginia law allows a householder to exempt certain personal property, including "debts due him." Va. Code Ann. § 34-4. There is no dispute that tax refunds are debts within the meaning of the statute, and the United States Court of Appeals for the Fourth Circuit has treated tax refunds as such. Shirkey v. Leake, 715 F.2d 859, 861 (4th Cir. 1983). In order to claim an exemption in personal property, the debtor must designate the property in writing, describe it "with reasonable certainty," and state its value. Id. § 34-14. "Whether a description is reasonably certain involves a judgment that takes into consideration the purpose of the exemption statutes and the characteristics of the object to be described." Shirkey, 715 F.2d at 862. The writing must also be

3

recorded, usually in the form of a homestead deed, in the county or city where the debtor lives. Va. Code Ann. § 34-14. The debtor must set apart his property no later than the fifth day after the § 341 meeting. Id. § 34-17. The Fourth Circuit has held that "when a debtor has filed a homestead deed in proper form with the right clerk, with fees paid, all prior to the deadline established by § 34-17, the debtor has set apart his property for purposes of §§ 34-14 and 34-17." In re Nguyen, 211 F.3d 105, 112 (4th Cir. 2000) (internal quotation marks omitted). While courts are to interpret statutes creating debtor's exemptions liberally in favor of the debtor, Id. at 110, courts may not "reduce or enlarge the exemption, or read into the exemption laws an exception not found there," Goldburg v. Salyer, 50 S.E.2d 272, 277 (Va. 1948).

On appeal, the Debtors argue that the bankruptcy court failed to interpret the exemption statutes liberally in their favor. They also argue that there was no evidence that they were improperly seeking to insulate their property from their creditors. They note that the Trustee's only complaint about the Original Homestead Deed was that it contained the wrong year.

Reviewing the bankruptcy court's conclusions of law de novo, the court is constrained to disagree with the Debtors' assertion that the bankruptcy court erred by failing to liberally construe the exemption statutes in their favor. At the hearing on the Trustee's objections, the bankruptcy court noted that the exemption statutes must be construed liberally, but that it also believed that it could not characterize the language in the Original Homestead Deed as something other than what the words specifically state. The bankruptcy court also correctly noted that the purpose of the homestead deed is to provide notice to creditors as to the debtor's claimed exemptions. See In re Heidel, No. 98-2146, 1999 WL 511029, at *4 (4th Cir. Jul. 20, 1999) ("There can be no doubt that, in this case, all of the parties were aware, within the time frame set forth by Virginia Code § 34-17, that [the debtor] intended to claim his retirement benefits as

4

exempt."). To the extent that the Debtors rely on Sharkey v. Leake for their assertion that the bankruptcy court erred in its legal conclusions, such reliance is misplaced. The Fourth Circuit in Sharkey found that the debtor satisfied the requirements of § 34-14 when the debtor claimed an exemption for his tax refunds in the amount of $800.00. 715 F.2d at 862. Specifically, the Fourth Circuit found that the date of the tax refund was immaterial and that it would not "add this requirement to the statute when the date serves no critical purpose." Id. at 863. Most importantly, the Fourth Circuit noted that "[b]ecause only one year's tax refunds are involved, the date of the refunds is immaterial." Id. at 862. As such, the court rejects the Debtors' contention that the bankruptcy court failed to liberally construe the tax exemption statutes when it considered the year of the tax refund in the Original Homestead Deed to be material. Here, there are tax returns for two different years at issue, and the Debtors seek to exempt additional tax refunds beyond those explicitly listed in the Original Homestead Deed.

In this case, the bankruptcy court ultimately found that it could not ignore the unambiguous language in the Original Homestead Deed that only listed the Debtors' projected 2015 federal and state tax refunds. The bankruptcy court noted that there is no dispute that the Debtors timely filed their Original Homestead Deed on February 4, 2015, prior to the § 341 meeting on February 20, 2015, in the correct clerk's office. However, the bankruptcy court found that the Debtors referred only to their projected 2015 tax refunds in the Original Homestead Deed and made no mention of their 2014 tax refunds, which the Debtors would have received in 2015. The bankruptcy court believed that it could not construe 2014 tax refunds and projected 2015 tax refunds as anything other than those specific refunds for those particular years. In the court's view, the bankruptcy court carefully reviewed the record and the testimony in this case in making this finding. Therefore, the court finds no clear error in the bankruptcy court's

5

determination that the Original Homestead Deed specifically and unequivocally claimed an exemption only for the Debtors' projected 2015 tax refunds. Accordingly, the court upholds the bankruptcy court's finding as to the exemptions in the Original Homestead Deed.

## II.    Timeliness of Amended Homestead Deed

Even if they did not properly exempt their 2014 federal and state tax refunds in the Original Homestead Deed, the Debtors next argue that their Amended Homestead Deed was timely filed. Again, to set aside exempt property, the writing must be filed in the appropriate clerk's office within the five-day timeframe pursuant to § 34-17. In re Nguyen, 211 F.3d at 112. Even though courts are required to construe exemption statutes liberally in favor of the debtor, there are certain exemption statutes that must be accorded strict interpretation. In re Pennington, 47 B.R. 322, 326 (Bankr. E.D. Va. 1985). Among those statutes accorded strict interpretation is § 34-17. In re Banks, 443 B.R. 708, 711 (Bankr. W.D. Va. 2011) (citing In re Pennington, 47 B.R. at 326). The day on which the § 341 meeting is held is not counted towards the five-day window, but intervening Saturdays, Sundays, and legal holidays are included. Va. Code Ann. § 1-210(A). The failure of a debtor to comply with the Virginia homestead exemption laws preclude an exemption in bankruptcy. Zimmerman v. Morgan, 689 F.2d 471, 472 (4th Cir. 1982).

In their appeal, the Debtors contend that they filed the Amended Homestead Deed within the five-day period, but that the clerk's office did not record the deed until March 2, 2015. The Debtors rely on In re Nguyen where the Fourth Circuit found that actual recordation and indexing of the homestead deed by the clerk was a "purely ministerial task" and, thus, did not need to be completed within the five-day period under § 34-17. 211 F.3d at 111; see also In re Ahmed, 411 B.R. 537, 539 (Bankr. E.D. Va. 2009) (finding that, once the debtor delivers a

proper homestead deed to the appropriate clerk with all applicable fees, "the debtor has done all that he can do and has set apart the property claimed exempt").

Reviewing the bankruptcy court's conclusions of law de novo, the court must conclude that the bankruptcy court correctly applied Virginia law in this case. The court again notes that § 34-17 requires strict compliance. To the extent that the Debtors rely on Sharkey v. Leake for the assertion that they may amend their Original Homestead Deed after the deadline set forth in § 34-17, the court believes that such reliance is unwarranted as that case is distinguishable. Specifically, the homestead deed at issue in Sharkey contained a scrivener's error as to the year of the debtor's exempted tax refund, and the Fourth Circuit held that § 34-17 did not prohibit a clarifying amendment after the five-day period. 715 F.2d at 863. Notably, the Fourth Circuit found that the debtor in Sharkey was not attempting to claim tax refunds for both the year listed in the original homestead deed and the year listed in the amended homestead deed. Id. at 862. Instead, the debtor was simply seeking to correct the year in the original homestead deed and did not change the value of the exempted tax refund. Id.; In re Blankenship, 253 B.R. 716, 718 (Bankr. W.D. Va. 2000) (distinguishing Sharkey because, "[h]ere, the Debtor wishes to amend to make his claim of exemption in tax returns valid under Virginia law"). Others courts have found that "the law is equally clear that an amendment to a Homestead Deed may not set apart additional items not included in the original Homestead Deed." See In re Pennington, 47 B.R. at 326 (listing cases). As such, the court rejects the Debtors' contention that the bankruptcy court erred in their interpretation of the five-day requirement under § 34-17.

In this case, the bankruptcy court found that the Amended Homestead Deed was not timely filed in order to exempt assets that were not listed in the Original Homestead Deed. At the hearing, counsel for the Trustee argued that the Debtors filed their Amended Homestead Deed on

7

March 2, 2015, ten days after the § 341 meeting of creditors. The only evidence before the bankruptcy court showed that the Amended Homestead Deed contained a time stamp stating that the clerk's office recorded the Amended Homestead Deed on March 2, 2015. It does not appear from the record that the bankruptcy court had any other evidence showing that the Amended Homestead Deed was received by the clerk's office within five days after the § 341 meeting. Furthermore, the bankruptcy court also had no evidence that the Debtors mailed their Amended Homestead Deed within the five-day limitation. Therefore, the court finds no clear error in the bankruptcy court's consideration of these factual issues. In the court's view, the bankruptcy court carefully considered the record and reasonably found that the Debtors made no showing that the Amended Homestead Deed was filed with the clerk's office on or prior to February 25, 2015. On appeal, the Debtors, who have the burden of proof, have offered no evidence to show that the bankruptcy court's determination was clearly erroneous. Accordingly, the court upholds the bankruptcy court's finding as to the timeliness of the Amended Homestead Deed.

### Conclusion

For the foregoing reasons, the court will affirm the bankruptcy court's decision in its entirety, finding no reversible error in its decision.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This __8th__ day of February, 2016.

_____
Chief United States District Judge

8

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 8 2016

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

DAVID BENJAMIN MORRIS and )
CANDACE APRIL MORRIS, )
)
    Appellants, )    Civil Action No. 3:15-CV-00021
)
v. )    **ORDER**
)
W. STEPHEN SCOTT, Chapter 7 Trustee, )    By: Hon. Glen E. Conrad
)    Chief United States District Judge
    Appellee. )

This case is before the court on appeal from the United States Bankruptcy Court for the

Western District of Virginia. For the reasons set forth in the accompanying memorandum

opinion, it is now

**ORDERED**

that the decision of the bankruptcy court is **AFFIRMED** in its entirety.

The Clerk is directed to strike this matter from the active docket of the court and to send

certified copies of this order and the accompanying memorandum opinion to all counsel of

record.

ENTER: This _____8th_____ day of February, 2016.

_____
Chief United States District Judge

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| IN RE:<br>**DAVID BENJAMIN MORRIS**<br>**CANDACE APRIL MORRIS**<br>Debtors | )<br>)<br>)<br>) | CHAPTER 7<br><br>CASE NO. 15-60033 |

| | | |
|---|---|---|
| **DAVID BENJAMIN MORRIS**<br>**CANDACE APRIL MORRIS**<br><br>Plaintiffs/Appellants,<br><br>v.<br><br>**W. STEPHEN SCOTT, TRUSTEE,**<br><br>Defendant/Appellee | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:15-CV-00021-GEC |

NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

David Benjamin Morris and Candace April Morris, the plaintiffs/appellants hereby

appeal to the United States Court of Appeals for the Fourth Circuit from the final judgment for

the district court for the Western District of Virginia entered in this case on February 8, 2016

affirming the Bankruptcy Court's ruling granting the Chapter 7 trustee's objection to the

Debtors exemptions.

The parties to the judgment appealed from and the names and addresses of their

respective attorneys are as follows:

| | | |
|---|---|---|
| W. Stephen Scott, Esq.,<br>Chapter 7 Trustee,<br>P.O. Box 1312,<br>Charlottesville, VA 22902 | and | ScottKroner, PLC,<br>418 East Water,<br>P.O. Box 2737,<br>Charlottesville, VA 22902. |

Dated:  March 9, 2016

Respectfully Submitted,

David Benjamin Morris and
Candace April Morris,

Debtors/Appellants
By Counsel

  /s/  Larry L. Miller
Larry L. Miller  VSB43345
MILLER LAW GROUP, P.C.
1160 Pepsi Place, Suite 341
Charlottesville, VA 22901
Phone (434) 974-9776
Fax    (434)974-6773
larry@millerlawgrouppc.com
Counsel for Debtors/Appellants